# Ballentine *et al. v.* Foster *et al.*

*Bill in Equity for Partition of Lands Devised under Will.*

1. *Bequest to children, on death of first taker without living issue; whether vested or contingent.*—A testamentary bequest as follows: "In the event of my son Edgar dying without issue living at his death, I desire his portion with the accumulations to be divided among the children of my son Paul J.

[Ballentine *et al.* v. Foster *et al.*]

and my daughter Elmira," followed by a provision that on the death of Elmira without living issue, all of her interest under the will should be equally divided among grandchildren and great grandchildren, creates a contingent remainder in those children of Paul J. and Elmira who were living at the death of said Edgar, and those children take as a class, and only those of the class who were living at the termination of the precedent estate can take an interest in the estate devised.

2. *Same; construction of will.*—Under such a testamentary bequest where it appears from the other items of the will that the testator had made provisions for both his children Paul J. and Elmira, the limitation over was devised to such of the children of Paul J. and of Elmira as were living at the death of said Edgar, the life tenant; and only those children of Elmira and Paul J. who survived Edgar could take an interest.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by James H. Ballentine and others, children of Mary Ballentine, against the appellees, Susan A. Foster, Aphraim H. Foster, Joseph Wheeler, Lucy Wheeler and the guardian of certain minors. The bill was amended, and in the following statement reference to the bill includes the amendment made.

It was averred in the bill that Samual Watkins died in the year 1835, possessed of certain lands which are specifically described and which are involved in this controversy, and he left a last will and testament, which was duly probated. This will is made an exhibit to the bill. It was then averred in the bill that by the second item of said will the testator devised and bequeathed certain real and personal proprty to his son Paul J. Watkins, and by th fifth item of said will bequeathed and devised the residue of his estate, both real and personal, to trustees therein named for the benfit and use of his daughter, Elmira C. Swoope, and her children, and his son, Edgar Watkins. It was also provided in said fifth item that the income from the property should be distributed to the beneficiaries for a period named. The sixth item of the will was set out at length and is copied in the opinion. It was further

averred in the bill that pursuant to said will, and by agreement of all the parties interested, under the fifth and sixth items of said will, and by a decree of the chancery court rendered April 1, 1881, confirming said agreement, and decreeing a partition and division of said property described and referred to in the fifth item of the will, there was set apart to Edgar Watkins, the son of the deceased testator, subject to the provisions of the sixth item of the will, the real estate involved in this controversy; that this land was petitioned to him as his part of the estate devised to him by the testator, and was subject to the provisions of the sixth item of said will; that on April 15, 1887, Edgar Watkins died without issue, never having married; that Paul J. Watkins died in 1861 and left surviving him the following children, who were living at the date of Edgar Watkins' death: Susan A. Foster and Mary E. Branch. That at the time of Edgar Watkins' death, Elmira Swoope was living; that the title to one-half of the real estate allotted to Edgar Watkins vested at the time of his death in Susan A. Foster and Mary E. Branch, the children of Paul J. Watkins, and the remaining one-half interest vested in Elmira Swoope. That Elmira C. Swoope died intestate on January 1, 1889, and left surviving her the complainants, who are her grandchildren, being the children of Elmira's only daughter and child, Mary E. Branch; that said Mary E. Branch died before Elmira Swoope died, and that the complainants are the next of kin and only heirs at law of said Elmira Swoope.

It was then averred that if the one-half interest in the lands allotted to Edgar Watkins did not vest in Elmira C. Swoope at the time of his death, it then vested in Mary Branch, who was the only child of Elmira Swoope, and who had issue living, as an executory devise under the sixth item of said will, and descended to Mary Branch's children, who are the complainants in the present case.

It was further averred in the bill that the defendant Joseph Wheeler and his daughter, Lucy Wheeler, claim in a conveyance from Mary E. Branch of her interest

[Ballentine *et al.* v. Foster *et al.*]

in said property; that Susan A. Foster and her husband executed on October 29, 1891, a mortgage to the guardian of the minor heirs, who are complainants, and conveyed therein Susan A. Foster's interest in certain portions of said lands.

The prayer of the bill was that the real estate involved in the controversy and specifically described in the bill may be divided by the decree of the court and one-half thereof allotted to the complainants. There was also a prayer for the holding of a reference before the register to account for the rents, incomes and profits. There was also a prayer for general relief.

To the bill as amended each of the defendants demurred, setting up in various ways that the bill was without equity, in that it did not show such title in the complainants as would enable them to maintain it for the partition of the lands described. Upon the submission of the cause the chancellor rendered a decree sustaining the demurrers, and "ordered that the bill as amended be dismissed out of this court, unless the complainants can amend so as to give it equity." From this decree the complainants appeal, and assign the rendition thereof as error.

DAVID D. SHELBY, for appellants, cited *Kumpe v. Coons*, 63 Ala. 452; *Smaw v. Young*, 109 Ala. 528.

GRAYSON & FOSTER and HUMES & SPEAKE, *contra.* cited *Horton v. Sledge*, 29 Ala. 478; 2 Beach Modern Equity Jur., § 1063; 3 Pomeroy's Eq., § 1386; 17 Am. & English Ency. of Law, 731, 733; *Arnett v. Bailey*, 60 Ala. 435; *Russell v. Beasley*, 72 Ala. 190; *Inman v. Prout*, 90 Ala. 362; *Johnson v. Ray*, 67 Ala. 603; Code of 1896, § 3163.

DOWDELL, J.—The sixth clause of the last will and testament of Samuel Watkins, deceased, under which the complainants here assert their title and claim an interest in the lands in controversy, received a construction from this court, as to the nature and extent of the estate and interest created under said clause in the case of *Phinizy v. Foster*, 90 Ala. 262. We adhere

41

to the conclusions there reached, and for a full discussion of the subject, with citation of authorities, content ourselves with referring to that case. There the litigation arose between those children of Paul J. Watkins who were living at the death of Edgar Watkins, the life tenant, and the grandchildren of said Paul J. whose parents died before the happening of that event. Here, the controversy is between the children of said Paul J. who were living at death of said Edgar, and those claiming in their right, on the one side, and the children of Mary Ballentine, the only child of Elmira C. Swoope, daughter of Samuel Watkins, deceased, and sister to said Paul J. on the other side.

In the case of *Phinizy v. Foster, supra,* it was decided that the devise under said sixth clause of the will was to a class, and that only those of the class who were living at the termination of the precedent estate took an interest in the estate devised.

The sixth item or clause of the will reads as follows: "In the event of my son Edgar dying without issue living at his death, I desire his portion, without accumulations, to be divided equally among the children of Paul J. Watkins and my daughter Elmira, and in the event of my daughter Elmira dying without issue living at her death, I desire the estate left to her and her children, together with accumulations, to be equally divided among all my grandchildren and great-grandchildren, but great-grandchildren whose parents are living and able to take under this will not included in this bequest."

It is contended by complainants, who are the appellants here, and are grandchildren of said Elmira C. Swoope, that by the terms of the will, under the limitation, over one-half of the estate went to the children of Paul J. Watkins to be equally divided among them, and one-half to Elmira C. Swoope; while on the other hand it is contended by the respondents that the limitation over was devised to such of the children of Paul J. and of Elmira C. as were living at the death of said Edgar, the life tenant. And this, we think, is the vital question presented in the case, and upon its so-

[Ballentine *et al.* v. Foster *et al.*]

lution the rights of these complainants to an interest in the lands sought to be partitioned must depend.

Unless the complainants are right in their contention that the devise was to Elmira C., and not to the children of Elmira, under the authority of *Phinizy v. Foster, supra,* they have no claim or title to an interest in the lands, since Mary Ballentine, the mother of the complainants, and only child of said Elmira C., died before the termination of the particular estate, and only those children of Elmira and Paul J. who survived Edgar could take an interest.

In applying the familiar rule of construction of a will, that the intention of the testator must control, and that such intention is to be ascertained from the context of the will, and the surroundings of the testator as disclosed by the will, we concur with the learned chancellor in the opinion that the testator intended to give the remainder of the residue of his estate, after the death of the life tenant, Edgar Watkins, without issue living at his death, to the children of Paul J. Watkins and the children of Elmira C. Swoope. Paul was his son, and Elmira his daughter, and both had children living at the date of the will. The testator had already made provision in his will for both Paul J. and Elmira C. No good reason appears why this particular devise should be made to the children of Paul J. to the exclusion of the children of Elmira C. Besides, in another part of the will, in providing for his daughter, Elmira C., whose husband was then living, he was careful to place the management of the esate left to her beyond the control of her said husband. Moreover, the words, "equally divided among," which are employed in this item, conveys the idea that it was in the mind of the testator that the gift should be taken by the children of his son and daughter *per capita,* and that it should be taken by two classes, the children of his son, Paul J., representing one class, and his daughter, Elmira C. Swoope, the other.

Much stress in argument is laid upon the use by the testator in the devise of the words, "my daughter Elmira," but when we consider the fact that these same

words, "my daughter," are uiformuly employed by the testator throughout his will in every reference to El-mira, no special significance can attach to them when employed in the clause under consideration. As we have said, having already made provision under his will for both Paul J. and Elmira C., the testator had in mind in this particular devise over after the termination of the life estate of Edgar, and upon the contingency of his dying without issue, the children of Paul J. and of Elmira C.

The language employed by the testator, "to be equally divided among," in making the gift over is opposed to the idea of an intention on the part of the testator to divide the estate into moieties, one to the children of said Paul J., and the other moiety to his daughter, Elmira C. Swoope; for this construction would necessarily involve the idea of a still further division of one of the moieties among the children of said Paul J. Nor on the other hand, is it reasonable to conclude that it was the intention of the testator to place his daughter, Elmira C., upon an equal footing with the children of said Paul J., who were his grandchildren, in a division of the estate; that is to say, to give her a portion equal to a grandchild's portion. By the use of these words, "equally among," according to the definitions given to them by standard lexicographers (see Century and Standard dictionaries), it is wholly improbable that the testator could have intended other than a *per capita* distribution among the several grandchildren.

There is no merit in the contention that the chanc llor erred in dismissing the bill without giving complainants an opportunity to amend. The cause was submitted on demurrer and motion to dismiss for want of equity, and in the decree sustaining the demurrer and motion to dismiss, an opportunity of amending was given by the chancellor.

It is unnecessary to notice other questions argued by counsel, since our construction of the will leaves the complainants' bill without equity.

The decree of the chancery court must be affirmed.