(79 South. 631)

BONDS v. MARSH et al.   (8 Div. 475.)

(Court of Appeals of Alabama.  May 28, 1918.)

SALES ⊕⊃179(4) — BREACH BY SELLER — AC-
CEPTANCE AND RETENTION OF GOODS.

In an action for breach of contract in the
sale of an automobile by the delivery of a sec-
ondhand one instead of a new car, where evi-
dence supported pleas that plaintiff retained the
car after discovering that it was secondhand
and did not offer to return it, but paid the bal-
ance of the purchase price, defendants were en-
titled to the general affirmative charge.

Appeal from Circuit Court, Marshall Coun-
ty; W. W. Haralson, Judge.

Action by W. M. Bonds against J. B. Marsh
and another for breach of contract. From a
judgment for defendants, plaintiff appeals.
Affirmed.

Wm. C. Rayburn, of Guntersville, for ap-
pellant.  Street & Bradford, of Guntersville,
for appellees.

SAMFORD, J.  The complaint was in two
counts, claiming damages for breach of con-
tract in the sale of a Ford automobile, alleg-
ing compliance on the part of the plaintiff
and breach by defendants, by a delivery by
them of a secondhand car, which had been
used, and considerably damaged and worn,
instead of a new car as contracted for.

The defendants, besides the general issue,
filed three special pleas: (2) That plaintiff ac-
cepted the car that was delivered to him as a
performance by defendants of his part of the
contract; (3) that, after discovery by the
plaintiff that the car delivered to him was
not a new car, plaintiff retained said car and
did not offer to return said car to defend-
ants; and (4) that, after discovery by plain-
tiff that the car was not a new one, plaintiff
voluntarily paid to defendants the balance of
the purchase price thereof.  There were no
demurrers to these pleas.  With the issues as
thus made, plaintiff testified that, two days
after the sale and delivery, he discovered two
scars on one of the tires about three-fourths
of an inch long, that the position of the horn
had been changed, and that he had been de-
livered a secondhand car; that, at the time
of the purchase, he paid one-half cash and
gave his note for the balance, and, with the
knowledge of the defects testified to, he vol-
untarily paid the balance due on the pur-
chase price.  There was no evidence that the
car was considerably damaged and worn, ex-
cept the testimony as to the cut on one tire
and the change of the horn.  It was also
shown, without dispute, after discovery by
plaintiff that the car delivered to him was
not a new car, plaintiff retained the car, and
did not offer to return it to defendants.

Under the issues as made by the pleadings,
the defendants were entitled to the general
affirmative charge.  This being the case, it
becomes unnecessary to pass upon the various
rulings of the court, as, if the trial court was
in error, such error would be without injury.

Travelers' Ins. Co. v. Lazenby, 80 South. 25,[1]
Flowers & Peagler v. Smith Lumber Co., 157
Ala. 505, 47 South. 1022; L. & N. v. Johnson,
128 Ala. 638, 30 South. 580.

We find no error in the record, and the
judgment is affirmed.

Affirmed.