### John G. Mason v. John W. Finch and others.

*Masonic societies: Chapters: Corporations: Merger.* A masonic lodge which was in existence before the organization under the statute (*Ccmp. L., ch. 118*), of a corporation of the same name, and which had never by any action authorized or recognized the corporation as formed in the same behalf, and where each had been distinct in meetings, officers, property and other incidents, and not even identical in membership, is held not merged in the corporation.

*Membership: Identity.* An absolute identity of membership would not of itself lead to such merger.

*Corporations: Legislative power: Corporators: Merger.* The legislature has no authority, and the statute in question does not attempt it, to compel any person or society to become incorporated without its assent. Nor can any one become a member of any private corporation without taking some steps for that purpose, or any existing association become absorbed or merged in any new corporation, so as to relinquish its former condition, without some action fully authorizing such a result.

*Corporations: Membership: Associations: Assent: Merger.* The membership of a corporation cannot be increased by joint accessions without some action denoting unanimous consent; and one member of an unincorporated association cannot be made a corporator in a different association or corporation by the action of other members not within the terms of their original compact; and a portion of the members of a masonic chapter therefore cannot,

without unanimous consent, or some action of the chapter, or provision of their articles, authorizing it, organize a corporation under the statute which shall swallow up the chapter and thereby acquire title to its property.

*Corporation: Merger: Acquiescence: Estoppel: Ratification.* Nor could acquiescence in the claims of the corporation that it was identical with the chapter, in the absence of any circumstances creating an estoppel, operate to extinguish the separate existence of the latter: and nothing short of a complete cessation of its action would tend to prove acquiescence in a corporate merger, and any acquiescence by the chapter or its officers would not bind the members except to the same extent as their actual agreement for the same purpose, would bind them. An act cannot be ratified by those who could not authorize it.

*Parties: Death of plaintiffs: Action surviving.* Where the cause of action survives, the exclusion of evidence on the trial, that some of the plaintiffs have died since the suit was brought, is not error: this is not a question that can enter into the merits of the trial or interfere with its progress where it does not abate the suit or change the issues.

*Heard October 29. Decided November 4.*

Error to Lenawee Circuit.

*C. E. Weaver* and *A. L. Millard,* for plaintiff in error.

*A. Howell, C. M. Walker,* and *C. A. Stacy,* for defendants in error.

CAMPBELL, J.

The controversy in this suit in replevin all turns on the ownership of certain masonic articles and furniture, levied upon by plaintiff in error as belonging to a corporation known as Adrian Chapter Number Ten, but claimed by defendants to have been the property of an unincorporated masonic body, known as "Adrian Chapter Number Ten of Royal Arch Masons," in common with another masonic organization: "Adrian Commandery Number Four of Knights Templar."

The main question presented is whether the unincorporated society had become merged in the corporation. The circuit court held there was no such merger, but that the two were separate and independent.

There were several special findings of the jury showing that the society was in existence before the corporation, and had never by any action authorized or recognized it as

formed in the same behalf; and that the organizations had always been distinct in meetings, officers, property and other incidents, and that the members, though many belonged to both, were not identical.

The grounds insisted on to show the identity were, that the corporation was professedly an incorporation of the society, and that the latter was bound either by the terms of the law or by acquiescence. It is claimed that the statute for the incorporation of Masonic lodges applies only to the establishment as corporations of lodges already existing, and in accordance with their Masonic charters; and that the corporators named in the articles now under consideration assumed to act for the chapter to which they then belonged, and made it a corporation by the terms of their association. And it is also claimed that by community of members, and by acquiescence in the corporate existence, an estoppel has arisen.

No claim is set up by any one that there is not a corporation in existence. It is only important to know whether the unincorporated body has ceased to exist apart from the corporation. The proof is conclusive, and the finding definite, that the property levied upon belongs to the society, and not to the corporation, unless both are legally identical.

It needs no authorities to show that even an absolute identity of membership would not by itself lead to any such result. The same persons may be members in the same or different proportionate interests, of as many distinct bodies, incorporated or unincorporated, as they choose to organize. No corporation can have any concern in or control over the business or personal interests of its members not invested in its own funds, nor held under its articles. They can include and exclude whatever they choose, when they form their association, so long as they violate no law. If they do not bring into the corporation all that the law requires, that may render the corporation imperfect; but it cannot authorize its enlargement beyond their agreement.

MASON v. FINCH.

It would not be competent for the legislature, and no attempt has been made by it, as we think, to compel any person or society to become incorporated without its assent. Nor is there any method that we are aware of whereby any one can become incorporated, or a member of any private corporation, without taking some steps for that purpose. It requires the assent of every member to bring him in, and not his dissent to keep himself out. No one is bound to trouble himself about the unauthorized acts or statements of others, unless he has put himself in a position where others will, by his fault, be misled by his conduct unless he takes steps to undeceive them. And when an association is claimed to have become incorporated, and to have given up its old conditions, some action must appear whereby such a result has been fully authorized.

In the present case a Masonic chapter is found in full exercise of all the recognized privileges of such societies, and consisting of a large membership, owning and using personal property, and doing as it had done in 1865, when the corporation was formed. Many of its members never took any part in the corporation, unless the society is the corporation. It is important, therefore, to consider the process whereby this amalgamation is supposed to have been brought about.

The corporation was created in March, 1865. If not then organized it never was. And if it did not then swallow up the society, and if both existed independently for any time whatever, it is plain that there is no reason why they could not keep apart indefinitely, and it would be difficult to devise any method whereby a corporation already existing could become thereafter identified with any unincorporated organization. It might receive new members in any number desirable, but its membership could only be increased by individual, or possibly joint accessions, and not by any such process as would make the new state of things relate back to its origin. It could not change its original character by matters *ex post facto*. There is

nothing in the statutes which contemplates that a society can be transferred bodily into an existing corporation, without at least something in the nature of a contract, nor whereby its property can be passed, by operation of law, and without agreement, into the corporate funds. Whether such an amalgamation could be made at all, and in any way, might require some consideration to determine.

There is nothing but unanimous consent which can bind any member of an unincorporated company by any action not within the terms of the association. In joint enterprises, matters within the proposed scheme are usually left to be determined by such agencies or such votes as are agreed upon. Outside of the agreement, no one can be bound without his assent.

If we assume that the ten persons who signed the corporate articles of the incorporated body claimed to act on behalf of the chapter whose Masonic charter they annexed to their agreement, the question at once arises,—where did they get their authority to do so? It could only have been derived from the unanimous consent of the members, or from a consent given by persons having authority to bind the rest.

It is not claimed there was any unanimous consent. It is found, and there is no showing to the contrary, that there was never any action in or by the society assuming to give any such power, and the society articles contain no authority which could validate such action if taken. If any question of subsequent acquiescence could arise, it could not avail to change the fact of an original incorporation without it. It would be the acquiescence of an existing society in the claims of an existing corporation, which, until an estoppel should arise out of the acquiescence, would continue distinct, even if the two became merged afterwards. And no acquiescence by a society or its officers could bind any one who would not have been bound if the same persons had entered into an agreement for the same purpose. An act cannot be ratified by those who could not au-

thorize it.   And the continued existence and activity of the association would be a standing denial of any non-existence. Nothing could tend to prove an acquiescence in a corporate merger which did not show a complete cessation of the unincorporated society's action.

It must not be left out of view that the burden of proving the merger is necessarily on those who seek to establish it.   Parties lawfully associated in a common enterprise or purpose have a right to continue it until something is done to destroy it.

There is no evidence in this case which tends to show that the action of the ten subscribers derived authority from any source which would enable them to bind the chapter, unless under the statute they could do it without consent. But no one can seriously urge that this is possible.   If the statute could bear such a meaning, there could be no pretense of authority to bestow such a power over private rights.

Whether the statute was designed, or not, to provide for the incorporation of chapters as such, we are not required to consider.   There was no evidence whatever legally sufficient to show that the original Adrian chapter has been incorporated, or has lost its identity.   It only appears that a corporation has assumed its name without its action or permission.   In the absence of such proof, the court below rightly held there was no identity between the two; and the charge to that effect would have been correct, and the judgment could not be disturbed, even if the particular facts bearing upon the question had not been left to the jury, and findings made covering the whole ground. Indeed, the range of inquiry was enlarged much more than was necessary.   If the signers of the articles became incorporated (as it is admitted they did) without any previous authority from the chapter, they necessarily created a new and separate organization, while the old one remained unchanged.   And, if not merged in the beginning, the whole theory of the case failed.

It was also urged as error that the circuit court refused to allow evidence on the trial that some of the plaintiffs had died.    It is not necessary to consider in what way that fact should have been suggested, as it would not abate the suit or change the issues.    Where a cause of action survives, that question can never enter into the merits of a trial, or interfere with its progress.    ,

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.