### ANTOINETTE MUHLHAUSER v. CLEVELAND HOSPITAL FOR WOMEN AND CHILDREN.

1. CORPORATION—PRELIMINARY ORGANIZATION DOES NOT CONTINUE.

    In as much as every corporation is effected after one or more preliminary meetings have been held for the consideration of the subject in the interests of which it is desired to organize a corporation, it cannot be held that the preliminary organization thus formed continues after the articles of incorporation have been returned by the secretary of state and adopted, and that the perfected corporation is necessarily a separate and distinct organization.

2. PRELIMINARY OFFICER BECOMES PERMANENT OFFICER.

Under the foregoing rule a person elected treasurer of a preliminary organization, formed for the purpose of incorporating a hospital association, and who is subsequently, after articles of incorporation have been forwarded to and returned by the secretary of state and adopted, elected treasurer of the perfected corporation, becomes the treasurer of that organization, which succeeds the preliminary organization, and, as such treasurer, may be required, at the suit of the corporation, to account for all moneys at any time received as such treasurer.

HEARD ON ERROR.

*Hessenmueller & Bemis*, for plaintiff in error.

*Edward Bushnell*, for defendant in error.

MARVIN, J.

The defendant in error was plaintiff and the plaintiff in error defendant in the original action brought in the court of common pleas, and the words "plaintiff" and "defendant" used in this opinion refer to the parties as they were in the original case.

The plaintiff is a corporation, not for profit.

The petition avers that in the year 1887, the defendant was elected to the office of treasurer of the plaintiff and continued to hold such office until September 16, 1895; that a large amount of money came into the hands of the defendant as such treasurer, the exact amount of which plaintiff is unable to state; that Norton T. Horr, is now the treasurer of said corporation; that the defendant refuses to recognize said Horr as such treasurer and has notified him that any demand made upon her for the money in her hands as treasurer would be useless and unavailing.

The prayer of the petition is for an accounting by the defendant as such treasurer, and that the plaintiff may have judgment for such amount as the court shall find to be in the hands of such treasurer, belonging to the plaintiff.

Attached to the petition are three interrogatories, to which answers are sought from the defendant. Said interrogatories read as follows:

"1. How much money is there in your hands or under your control, belonging to the Cleveland Hospital for Women and Children?"

"2. Where is said money deposited?"

"3. If a portion only is deposited, state how much and where, and how much is in your hands?"

These interrogatories were answered by the defendant as follows:

To the first: "About $6,300, the same being subject to certain debts against the said hospital."

To the second: "In several banks in Cleveland, Ohio."

To the third: "All deposited except a little less than $200 that was withheld by Mr. Ford, referee, and for which a suit is pending to recover."

The defendant also filed an answer to the petition, admitting that she was treasurer of the corporation during the period of time stated in the petition, and that, as such treasurer, she received a considerable amount of money.

She denies that those now claiming to be trustees of such corporation, are such trustees; denies that Horr is treasurer of the corporation; and avers that she is now the duly and legally elected and qualified treasurer of the plaintiff and as such is entitled to the custody of the money in her hands belonging to such corporation.

Later the defendant filed an amended answer, in which she admits again that she was treasurer of the corporation during the time stated in the petition, and avers that she is now and has been at all times, from 1887 to the present time, by annual election, the treasurer of the corporation; that she has both received and paid out money on account of her said official position, and that she has been occupied a large part of her time in each year during the entire period of her said treasurership, in the performance of the duties of said office and that her services in that behalf were worth $1,000 per year, and she asks that such sum be allowed to her for each year of her said incumbency of such office ; and she joins in the prayer for an accounting between herself and the plaintiff, and says that the allowance to which she is entitled, is in excess of the amount of money which she has received as such treasurer, after deducting the payments made by her for said plaintiff ; and so she prays for judgment against the plaintiff for such sum as shall be found due to her.

Later, the defendant filed an amendment to her former answers, in which she says that she was mistaken in her admissions that she was ever treasurer of the plaintiff. She says this both in the amendment above mentioned and in a later supplemental answer filed by her in this case.

In the pleadings last referred to, the defendant says that in February, 1887, a voluntary association was organized in the city of Cleveland, known as '' The Cleveland Hospital for Women and Children.'' That she was, at the first election of officers of such voluntary association, elected its treasurer, and that she has never been treasurer of the plaintiff, but that her treasurership, set out in her former answers, has been as treasurer of such voluntary association, and that she has been called upon by such association to render an account to it of her treasurership, and that whatever monies have come to her hands as treasurer of The Cleveland Hospital for Women and Children, has been as treasurer of the voluntary association having such name and not as treasurer of the corporation having such name.

Without calling attention further to the pleadings in this case, it is sufficient to say that the controversy at the trial was upon the question of whether the defendant was the treasurer of the corporation.

The case was referred by the court of common pleas to Walter J. Hamilton to report the evidence and his findings thereon ; which was done and, in such report, the referee finds that the defendant was the treasurer of the corporation and that there is an amount in her hands for which judgment should be entered in favor of the plaintiff. This report was approved and confirmed by the court, and judgment entered against the defendant. By proper proceedings the case has been brought to this court ; a petition in error being filed, and also a bill of exceptions embodying all the evidence adduced before the referee.

The claim is, on the part of the plaintiff in error, that the referee's report should not have been confirmed ; that judgment should not have been entered for the plaintiff but should have been entered for the defendant.

The facts are, so far as they need be stated here :

On February 1, 1887, a number of ladies met at the residence of the defendant for the purpose of organizing a hospital association. At this meeting a motion was adopted that the name of the association

should be "The Cleveland Children's Hospital Association;" an annual membership fee of one dollar was fixed upon; and the meeting adjourned to February 8, 1887.

The following is a quotation from the minutes of that meeting:

"A temporary organization was perfected with Mrs. Dr. Scweender, president; Mrs. Wm. Kaufman, vice-president, and ———, English secretary; Mrs. F. Muhlhauser, treasurer; Mrs. P. Umbstaetter, German secretary."

On the last named date a meeting was held, in pursuance of this adjournment; a committee was appointed on a constitution, and another committee on trustees; the meeting then adjourned to February 23, 1887.

On the date last named the committee on constitution reported a constitution and by-laws, which constitution and by-laws, were approved, and the name of the association was then changed to "The Cleveland Hospital for Women and Children." At this meeting, as appears by the minutes: "Attorney Piwonka was present and drew up articles of incorporation, which were properly signed and forwarded to the secretary of state. Dr. Carpenter was appointed to look after the incorporation articles." And the meeting adjourned to March 8, 1887.

On the date last named a meeting was held in pursuance of such adjournment, and, at such meeting, among other things in the minutes, appears the following:

"Dr. Carpenter presented the articles of incorporation bearing the seal of the secretary of state, and they were received and adopted. The constitution was also reapproved at this meeting, the same being necessary as the association was now a legally organized body." This meeting adjourned to March 17, 1887.

A meeting was held on March 17 which adjourned to April 2, and, on this last named date, a meeting was held, at which, among other things, officers of the association were elected for the year ending February 27, 1888; among the officers elected, the defendant was elected treasurer. Thereafter from year to year the defendant was re-elected as such treasurer for a number of years; and the real question is, of what organization was she thus elected? She now says, it was as treasurer of the voluntary association. The plaintiff says, it was as treasurer of the corporation.

It is urged on behalf of the plaintiff in error, that, at the time the defendant was first elected treasurer and up to September 16, 1895, there never was a corporation known as "The Cleveland Hospital for Women and Children;" that the minutes from which quotations have been made in this opinion and which minutes are set out in full in the bill of exceptions, are minutes of the voluntary association and not of the corporation; that no trustees of the corporation were ever elected until September 14, 1895, and that the trustees first qualified on September 16, 1895.

It is said that this corporation was an entirely new organization, separate and distinct from the association, and that the association still continues as an independent separate organization from the corporation, and that the defendant is the officer of this association to whom, and to whom alone, she is bound to account.

From the quotations hereinbefore made from the minutes of the association, it will be seen that the meeting of February 1, was preliminary to the formation of some organization thereafter to be perfected;

Muhlhauser v. Cleveland Hospital.

that at this meeting a temporary organization was effected by the election of various officers, including the defendant as treasurer; that this temporary organization continued until after articles of incorporation had been prepared, signed, forwarded to the secretary of state, and returned, and, on the 17th of March, 1887, were adopted; and the constitution and by-laws which had prior to that time been adopted by the temporary organization, were " reapproved   *   *   *   the same being necessary as the association was a legally organized body." That at the later meeting, to-wit, April 22, 1887, officers were elected, including the election of this defendant as treasurer.

It can hardly be claimed, in view of these proceedings, that, after the last named date, she was treasurer because of her election on February 1. It is clear that this election of April 22 was intended to be to a permanent office, and that it was understood by the defendant and all concerned, that her official position thereafter was dependent upon this last named election, and not upon that of February 1.

It is said by the plaintiff in error that the election of April 22 was in accordance with the constitution and by-laws of the association; but such election was also held in pursuance of the constitution and by-laws reapproved at the meeting of March 8, which was after the articles of incorporation had been received, duly certified from the secretary of state and adopted. So that the same constitution and by-laws which were effective as to the temporary organization which existed prior to March 8, were equally effective upon the organization as it existed after the certificate of incorporation was adopted.

It seems clear that all of the meetings prior to March 8 were for the purpose of effecting an organization to be incorporated under the laws of the state relating to corporations, not for profit. Doubtless, every corporation is effected after one or more preliminary meetings have been held for the consideration of the subject in the interests of which it is desired to organize a corporation; and to hold that, after such preliminary meetings have been held at which it has been voted to have articles of incorporation prepared and forwarded to the secretary of state, and then after such articles have been returned, properly certified by such officer, and adopted by the organization, that the preliminary organization continues, and that the corporation is a separate and distinct organization, would certainly be in conflict with the every day experience of those who join in such organizations.

Practically all the monies which have come into the hands of the defendant as treasurer, came into her hands after her election on April 22, and, if she was then elected and became the treasurer of the corporation, the plaintiff is entitled to the accounting prayed for in the petition.

It is said that there was no corporation until the officers elected on September 14, 1895, had taken the oath of office, because this court had, prior to that time, to-wit, earlier in the same year, held that there were no trustees of the corporation, then lawfully holding office, and ordered an election for such trustees to be held by S. S. Ford, appointed referee for that purpose. And it is said that it necessarily follows that there never had been, prior to that time, any trustees of the corporation.

It does not, by any means, follow from the finding, that there had never been any trustees of this corporation.

It is certain that elections had been held for trustees, and that the parties elected had acted, or assumed to act, in that capacity long before the election directed to be made by this court.

In Ashtabula & New Lisbon R. R. Co. v. Smith, 15 Ohio St., 328, it is said by Judge White in his opinion, beginning on page 333:

"When the persons, associating to form a company for the purpose of constructing a railroad, have complied with sec. 2 of the act to provide for the creation and regulation of incorporated companies (S. & C. Stat. Vol. 1, 271), they and their associates, successors and assigns, by the name and style provided in the certificate, become a body corporate, invested with all the powers conferred upon this class of corporations, and subject to the restrictions provided by sec. 3 of the act."

The case of Mason v. Finch, 28 Mich., 282, cited by counsel for plaintiff in error, differs in its facts materially from the case at bar. In that case a masonic lodge had, for a long time, existed as an unincorporated association. Then a corporation was organized under the same name. Many of those associated in the corporation were members of the unincorporated lodge. The unincorporated lodge continued to hold its meetings, elect its officers, and hold its property, after the formation of the corporation, separate and distinct from the meetings, officers and property of the corporation. And it was there held that the unincorporated association was not merged in the corporation. This language is used in the opinion:

"There is nothing but unanimous consent which can bind any member of an unincorporated company by any action not within the terms of the association. In joint enterprises, matters within the proposed scheme are usually left to be determined by such agencies or such votes as are agreed upon. Outside of the agreement no one can be bound without his assent. * * * It is not claimed there was any unanimous consent. It is found, and there is no showing to the contrary, that there never was any action in or by the society assuming to give any such power, and the society articles contain no authority which could validate any such action if taken."

In the case at bar the minutes already quoted, clearly indicate that all present at the meeting on March 8 understood and agreed that the corporation was the direct outgrowth of the temporary organization theretofore effected. It is stipulated in the record that " for the purpose of this litigation there was never any organization or association of individuals acting as " The Cleveland Hospital for Women and Children " between February 1, 1887, and the annual meeting in 1895, other than the one the record of whose proceedings is contained in the record book referred to."

This record book is that from which the minutes to which attention has already been called in this opinion, are found.

So that there was but one organization under the name of " The Cleveland Hospital for Women and Children " doing anything between March 8, 1887, and the annual meeting in 1895.

The defendant, as appears by her pleadings in this case and pleadings filed by her in other cases introduced in evidence in this case, understood that the organization which was doing business during this time was the corporation.

It seems never to have occurred to any one that such was not the case until a considerable time after the present suit was begun. It is

true that the business was not conducted altogether in conformity with the statutes of the state relating to corporations not for profit, but this did not work a forfeiture of the franchise granted to the corporation.

And we hold that there was no error in the judgment of the court below in holding that the defendant was the treasurer of such corporation, and the judgment is affirmed.