53 So.2d 347

### FINLEY et al. v. KANTER.
### 6 Div. 949.

Supreme Court of Alabama.
Dec. 14, 1950.

Rehearing Denied June 28, 1951.

Geo. D. Finley, of Tarrant City, for appellants.

A. Leo Oberdorfer, of Birmingham, for appellee.

LIVINGSTON, Justice.

This appeal is by the complainants in the court below, George D. Finley, Hattie Finley, Alta Finley and Frances Finley, from the decree of the Circuit Court, in Equity, of Jefferson County, Alabama, sustaining the demurrer of Joseph Kanter, one of the respondents, to the bill as last amended and dismissing the bill as to him.

The appellants filed their original bill on June 11, 1948, against Kanter as sole respondent. They alleged that appellants were owners and in actual peaceable possession of certain described real estate; that appellee was reputed to or claimed to own a certain tract of land adjoining appellants' said tract and on which appellee was in the course of or about to erect a building; that appellee was disputing the boundary line between the two tracts of land and had been trespassing on appellants' said tract, though warned not to do so, to their damage in the sum of $5,000.00, and which they claimed as for a continuous trespass from, to wit, the 7th day of June, 1948. The bill prayed for a decree ascertaining and marking the true boundary line between the lands of appellants and appellee, an injunction restraining appellee from further trespassing on the lands of appellants, and damages for past and continuous trespass on their lands after being warned not to do so.

The bill was sworn to and the Hon. E. H. Hawkins, Judge of the Tenth Judicial Circuit, set June 18, 1948, as the date for a hearing on the question of the right to a temporary injunction and appellee was

given three days' notice. So far as the record shows no action was taken by the court on June 18, 1948, but counsel for appellants state in brief that at said hearing counsel for Kanter stated to the court that Kanter did not claim to own any of said land adjoining appellants, and that Kanter had removed all his building material from it and would stay off the lot until title thereto was settled in this suit, and that counsel for appellants suggested a continuance of the hearing pending the determination of the title to the lot. On June 28, 1948, appellee, Kanter, answered the bill, averring that he did not own any lands adjoining that of appellants, and denying the other allegations of the bill. He also incorporated in his answer a demurrer to the bill.

On October 22, 1948, appellants amended their bill of complaint by adding thereto the "Sparton Development Company" as a party respondent, and by substituting the name "Joseph Kanter" for "Joe Kanter." The bill was further amended as follows:

"That prior to the filing of the original bill in this cause, the said Joseph Kanter personally claimed to own to wit: eight feet of your complainants' real estate, hereinafter described, and he continued to claim same right up to the date of the hearing by this court on to wit; June 18, 1948, of the preliminary injunction; that at said hearing the attorney for said Kanter informed the court that said Kanter did not then claim to own said disputed strip of land, and that said title to said strip of land was in another party, whom said attorney refused to divulge to the court; and said attorney further informed the court that said Kanter had moved the building materials said Kanter had placed, or caused to be placed on said disputed strip of land, and that he would stay off said disputed lands until the title thereto was settled in this suit; whereupon it became unnecessary to further pursue said preliminary injunction. Since said hearing by the court on June 18th, 1948, complainants have ascertained that the party who has the legal title to said adjoining lot to complainants' said property, hereinafter described is said Sparton Development Company, a corporation, which said corporation is recorded in Records of Corporations, Volume 74, page 539, of the Probate Records in Probate Office of Jefferson County, Alabama. Said corporation was organized by said Joseph Kanter, who is president and director of said corporation, and Sam Kanter, his brother, is vice president and director of said corporation, and Sylvia Kanter, sister of said Joseph Kanter, is secretary and treasurer of said corporation; that said Joseph Kanter owns all of the stock in said corporation, except two shares thereof, which is owned, one each, by his said brother Sam Kanter and his said sister, Sylvia Kanter. That to all intents and purposes the said Joseph Kanter is the said corporation, namely, Sparton Development Company, and the said corporation is said Joseph Kanter. That said Joseph Kanter (also known as Joe Kanter) was duly served with process in this cause. That the said corporation maintains the same address, namely, 1710 Pinson Street, Tarrant, Ala., that said Joseph Kanter and the other shareholders herein named maintain.

"That your complainants are the owners of the following described lot:

"A lot in the shape of a triangle, situated on the corner at the intersection of Jackson (Street) Boulevard, and Elm Avenue, in Tarrant City, known as the 'Spring Lot,' the dimensions of which are: 105.83 feet on said Jackson Boulevard; 110.77 feet on Elm Avenue, and the line between said lot and lands reputed to be owned by said respondents, is 138.57 feet long. Said lot is situated in section 5, Township 17, Range 2 West, in Jefferson County, Alabama.

"And complainants aver that there is a dispute as to the boundary line between your complainants' said lot and that of said respondents, and same should be judicially settled by this court.

(B) "And your complainants aver that the said respondents trespassed upon said lot of complainants, described in paragraph A above, from day to day, after they have been warned not to so trespass thereon, and said trespass or trespasses were done within six months immediately preceding the filing of this amendment, as well as within six months of the filing of the original bill in

this case, to the damage of complainants in the sum of $5,000.00, for which they sue. That in addition to the general damage caused complainants by said false claim of respondents to said lot or part thereof and their trespass thereon, complainants were put to great trouble, loss of time, and expense in checking records, maps, hiring lawyers and attending court and suffered great physical and mental pain and anguish caused by said false claim and trespass or trespasses of said respondents to said lot or part thereof."

The amended bill prays for the service of process on Sparton Development Company, a corporation; a decree settling the disputed boundary line; that respondents be permanently enjoined from trespassing on appellants' said lot, damages for trespass after warning, and general relief.

To the bill as amended Kanter and Sparton Development Company interposed separate demurrers. Both demurrers were sustained, and as to respondent Kanter the bill was dismissed. As to respondent Sparton Development Company, appellants were given twenty days in which to amend the bill if they be so advised. From the decree sustaining the demurrer of Kanter and dismissing the bill as to him, this appeal is prosecuted.

Unquestionably one aspect of the original bill filed in this cause had for its purpose the establishing and defining of an alleged uncertain or disputed boundary line. Such a bill may be instituted under either section 129, subd. 5, Title 13, or section 2 et seq., Title 47, Code. Kanter interposed demurrers to the original bill but they were not ruled on.

The original bill was amended, as heretofore shown. Kanter demurred to the bill as amended. The bill, as amended, alleged that: "Complainants have ascertained that the party who has the legal title to said adjoining lot to complainants' said property is the said Sparton Development Company. * * * That to all intents and purposes the said Joseph Kanter is the said corporation, namely, Sparton Development Company, and that said corporation is said Joseph Kanter."

The bill shows on its face that Kanter is not the owner of the tract of land adjoining that of appellants. As to that aspect of the bill seeking to establish a boundary line between the lands of appellants and the lands of the Sparton Development Company, Kanter is an improper party. A corporation is a distinct legal entity, separate and distinct from its shareholders and officers, and the property representing the capital of the corporation is vested in and owned by the corporation. This general doctrine is well established and obtains both at law and in equity, Moore & Handley Hdw. Co. v. Towers Hdw. Co., 87 Ala. 206, 6 So. 41; First National Bank v. Winchester, 119 Ala. 168, 169, 24 So. 351. As to this aspect, on the face of the amended bill, Kanter was an improper party respondent and grounds of demurrer taking the point were properly sustained.

The temporary injunction feature of the bill seems to have been abandoned, and no reviewable action has been taken by the court below in that regard.

Primarily, the original bill and the bill as amended, is one to establish and define an uncertain or disputed boundary line between the properties of the parties. The bill as amended shows on its face that Kanter, as an individual—the capacity in which he is sued,—has no interest in the property involved nor in the boundary line. Any other right asserted against Kanter by appellants in the bill as amended is predicated upon a common law tort, for which ordinarily an action at law affords a complete and adequate remedy.

Where the jurisdiction of an equity court is invoked against two respondents, in one aspect against one respondent to determine under the statute a boundary line dispute between the complainants and the respondent who owns the land, and in another aspect against both respondents for trespass and damages, equity not having acquired jurisdiction of the non-owning respondent upon the equitable basis of establishing a disputed boundary, upon sustaining non-owner's demurrers to that aspect, will not retain jurisdiction of the non-owner to afford a remedy for which there is adequate relief at law for damages, but will also

sustain the non-owner's demurrer to the damage aspect of the bill as well. See, Hunt v. Jones, 203 Ala. 541, 84 So. 718; Pate v. Bruner, 243 Ala. 648, 11 So.2d 356.

The amended bill of complaint on its face, in the light of the admission that Kanter did not own the lands adjoining that of appellants, could not be amended against Kanter. Under such circumstances, the bill was properly dismissed as to him. Merritt v. Alabama Pyrites Co., 145 Ala. 252, 40 So. 1028; Allen v. Investors Syndicate, 247 Ala. 386, 24 So.2d 909; McCraw v. Davenport, 238 Ala. 245, 189 So. 884.

Affirmed.

SIMPSON and STAKELY, JJ., concur.

LAWSON, J., concurs in the result.

BROWN and FOSTER, JJ., dissent.