67 So.2d 849

**TOOMER v. ALPHA LAMBDA CLUB.**

**5 Div. 413.**

Court of Appeals of Alabama.

Oct. 27, 1953.

Brown & McMillan, Opelika and Auburn, for appellant.

J. Sydney Cook, Jr., Auburn, for appellee.

HARWOOD, Judge.

In this case the plaintiff, S. L. Toomer, sued the Alpha Lambda Club, a corporation, for rents allegedly owed by the Club.

Count 1 claimed $400 due and unpaid on an annual lease commencing 1 September, 1950, and Count 2 claimed the same amount for use and occupancy. The cause was tried on pleas of the general issue.

The jury returned a verdict in favor of the defendant, and judgment was entered pursuant thereto. From this judgment the plaintiff below has perfected this appeal.

The evidence presented by the plaintiff below tends to show that in 1940 Mr. Toomer rented a house in Auburn to the Phi Kappa Tau fraternity. This fraternity continued to rent this house through the years.

On July 8, 1950 Mr. Toomer mailed the following letter to the fraternity:

"Phi Kappa Tau Fraternity
"Auburn, Alabama
"Gentlemen:
"Your rent starting September 1, 1950 will be $200.00 per month. This lease will run until August 31, 1951.
    "Very truly yours,
    "S. L. Toomer."

Mr. Toomer testified that the rent, at $200 per month, was not paid for the months of July and August, 1951.

On cross examination Mr. Toomer testified in part as follows:

"Q. (By Mr. Cook) Mr. Toomer, have you ever conversed with any officer or agent of the Alpha Lambda Club, a Corporation? A. The Corporation?

"Q. The Alpha Lambda Club, a Corporation. A. No, I am not suing them at all.

"Q. You are not suing the Alpha Lambda Club? A. The Kappa Tau is in my house.

"Q. You are not suing the Alpha Lambda Club, a Corporation? A. No.

"Mr. Cook: On that, your honor, I ask that the suit be dismissed.

"The Court: Overruled.

"Mr. Cook: Reserve an exception.

"Q. You state you have never had any contact with any officer or agent of the Alpha Lambda Club, a Corporation? A. I didn't know they were existing."

There was introduced into evidence through Mr. Toomer the ledger sheet showing his account with the "Phi Kappa Tau Frat." This account reflects that rents for July and August have not been credited as paid.

The plaintiff also introduced into evidence certificate of incorporation of the Alpha Lambda Club, filed in the Probate office of Lee County in April 1947, thus creating an incorporated social club as provided in Sections 139–149, Title 10, Code of Alabama 1940.

The certificate of incorporation described the objects of the corporation to be:

"The objects of the Club are the promotion of social intercourse among the members of the Club and between the members of the Club and the public in general, and the providing of a Club or Chapter House for the use of the Alpha Lambda Chapter of Phi Kappa Tau Fraternity at Auburn, Alabama."

The plaintiff also introduced in evidence the minutes of the orginational meeting of the Alpha Lambda Club. These minutes show that on 14 April 1947 a constitution was adopted, and that it contained the following provision:

"And in addition thereto, on and after the 14th day of April, 1947, those persons who shall be active members of Alpha Lambda Chapter of Phi Kappa Tau Fraternity at Auburn, Alabama, and be graduate or undergraduate students of Alabama Polytechnic Institute shall during the time they are such active members, be members of said Club. And there shall also be members of said Club such persons as shall be elected to membership by the Board of Governors hereinafter provided for, and who shall have been at some time prior to election active members of said Alpha Lambda Chapter of Phi Kappa Tau Fraternity at Auburn, Alabama."

The constitution provided for a board of governors invested with full control of the club, consisting of seven named members, being the same persons designated as the board of governors in the declaration for incorporation.

It was further provided that the club should meet annually on "Alumni Day" occurring during commencement at the Alabama Polytechnic Institute.

The evidence introduced by the defendant tended to show that the Phi Kappa Tau fraternity had rented the premises in question since 1940, and that the rent had always been paid by checks drawn on the account of the fraternity, countersigned by the treasurer, the last of such checks being drawn on July 10, 1951.

The President and Treasurer of the Alpha Lambda Club during 1950 testified that the club had at no time through any of its officials negotiated with Mr. Toomer for any lease, nor had the club at any time, through its officials, passed any resolution to pay any rent.

There was also evidence tending to show that the Alpha Lambda Club was incorporated in order that money could be borrowed with which to build a house to be occupied by the Alpha Lambda Chapter of the Phi Kappa Tau fraternity, the fraternity being unable to own real estate because of its being an unincorporated association; that the Alpha Lambda Club did erect in Auburn a house at a cost of some $75,000, and that this house is now occupied by the fraternity; further that the fraternity has assumed the payments due on the mortgage by the club and these payments are made by the fraternity to the holders of the mortgage.

Admittedly there was no express assumption by the Alpha Lambda Club, Incorporated, of any liability of the Phi Kappa Tau fraternity, the association.

Counsel for appellant however argue strenuously that because of the provision

in the certificate of incorporation of the Alpha Lambda Club that one of the objects of the club was to provide a chapter house for the use of the fraternity, and the further provision in the constitution that the active members of the fraternity shall be members of the club, creates an implied liability of the club for the debts of the fraternity.

For this reason, one of the errors assigned by the appellant is the action of the lower court overruling plaintiff's motion for a new trial and entering judgment for the defendant.

■ It is the general doctrine, both at law and in equity, that a corporation is a distinct entity, separate and apart from the individuals composing it, and is not to be affected by the personal rights and obligations of its stockholders. Moore-Handley Hardware Co. v. Towers Hardware Co., 87 Ala. 206, 6 So. 41.

■ It is also the rule that where a corporation is formed by, and consists of the members of a partnership, or corporation, and takes a conveyance of the assets of the partnership or association for the purpose of continuing the business, the corporation is presumed to have assumed the debts of the previous association and prima facie is liable therefor. Particularly is this the better rule where it appears that no consideration has passed for such assets other than the issuance of stock in the corporation and where the corporation has no other assets. See Fletcher, Cyclopedia Corporations, Per. Ed., Vol. 8, Sec. 1414, and authorities cited.

■ Where, however, a corporation is formed in aid of, and not as a substitute for an association, there is no merger of the association in the corporation. McFadden v. Murphy, 149 Mass. 341, 21 N.E. 868.

In his work on corporations Fletcher, supra, Sec. 4012, states, with an abundance of authorities cited from our sister states:

"It is important in determining the corporation's liability on the obliga-

tions of the partnership or association, to ascertain first from the facts and circumstances of the incorporation whether or not it resulted in the creation of a new legal entity which succeeds to and wholly displaces and dissolves the firm or association."

■ An absolute identity of membership will not of itself lead to a merger of an association in a corporation, since the same persons may be members of as many bodies, corporate or incorporated as they may choose. Mason v. Finch, 28 Mich. 282.

■ The undisputed evidence in this case shows that the premises in this case were rented to the Phi Kappa Tau fraternity, and not to the Alpha Lambda Club, a corporation; the evidence further fails to show that any assets of the Phi Kappa Tau fraternity were transferred to or acquired by the incorporated club; the evidence further fails to show that the club in any way displaced the association, but on the other hand the evidence positively shows that for some three years after the organization of the club the Phi Kappa Tau fraternity continued to pay the rent on the premises.

The existence of the association being shown, it will be presumed to continue, under the rule that conditions once shown to exist are presumed to continue to exist until the contrary is shown, and the burden of proving a merger is on those who assert such claim. Ogden Parking & Provision Co. v. Wyatt, 59 Utah 481, 204 P. 978, 22 A.L.R. 359; Mason v. Finch, supra; Watkins v. Delahunty, 133 App.Div. 422, 117 N.Y.S. 885; Rudolph v. Southern Beneficial League, Sup., 7 N.Y.S. 135.

Applying the above principles to all of the evidence in this case we are clear to the conclusion that the appellee was entitled to have given in its behalf the written requested affirmative charge with hypothesis.

This being so, all other points asserted as error by the appellant are rendered innocuous and we pretermit consideration of them. Roberson v. Tennessee Valley Au-

thority, 237 Ala. 279, 186 So. 727; Bonds v. Marsh, 16 Ala.App. 538, 79 So. 631.

Affirmed.