241 So.2d 198 (1970)
William J. PLANK, Appellant,
v.
C.J. ARBAN and Maitland Drug Store, Inc., Appellee.
No. 69-728.
District Court of Appeal of Florida, Fourth District.
November 18, 1970.
Clark W. Jennings, Winter Park, and S. Victor Tipton, Orlando, for appellant.
Maurice M. Paul, Orlando, for appellees.
OWEN, Judge.
Appellant's amended complaint was held to be insufficient to state a cause of action. When appellant declined to further amend, final judgment was entered in favor of defendants-appellees. We reverse.
The amended complaint was 20 pages in length, exclusive of some 25 pages of exhibits which had been attached to the original complaint and incorporated by reference. *199 Of necessity we set forth herein, only the barest essentials of the allegations of the amended complaint and exhibits.
Plaintiff and defendant C.J. Arban made an oral agreement to purchase and operate the Maitland Drug Store with equal ownership and equal right of control. A corporation, Maitland Drug Store, Inc., was utilized for this purpose. Its charter authorized 1,000 shares of common voting stock. In recognition and furtherance of the oral agreement, the corporation, by appropriate corporate action in October and November, 1968, (1) accepted from plaintiff an assignment of the contract to purchase the drug store and its assets (plaintiff having theretofore secured this contract in his own name with Arban's approval); (2) consummated the purchase; (3) sold 500 shares of the corporation's stock to defendant Arban for $25,000; and (4) gave plaintiff a written option exercisable on or before March 31, 1969, to purchase the other 500 shares of the corporation's stock for $25,000.
In February, 1969, before plaintiff had exercised this option, the directors caused the corporation's charter to be amended (with the approval of defendant Arban as sole stockholder) increasing the authorized capital stock to 2,000 shares of common voting stock, payment for which could be in cash, or by labor, services, real estate or personal property at the valuation placed thereon by the Board of Directors. Immediately thereafter the corporation issued to defendant Arban an additional 100 shares of common stock for the sum of $1,000.
On March 28, 1969, plaintiff delivered to the defendant corporation written notice of his exercise of the option, and on April 1, 1969, delivered to the defendant corporation a cashier's check payable to the corporation in the sum of $25,000. A copy of the notice and a copy of a letter which accompanied delivery of the cashier's check were among the exhibits incorporated into the amended complaint. Both the notice of the exercise of the option and the letter accompanying delivery of the cashier's check stated that the option was exercised and the payment tendered upon certain conditions. The essence of these conditions was simply that the 500 shares of stock called for by the option, when issued to plaintiff would represent a one-half ownership of the corporation, and that thereafter plaintiff and defendant Arban would have equal ownership interest in and control over the corporation and its business. The corporate defendant refused to accept the notice and tender as a valid exercise of the option.
The prayer of the amended complaint sought every conceivable form of relief including appointment of a receiver, an injunction, a declaration that the assignment of the purchase contract from plaintiff to the corporation was invalid, specific performance of oral and written agreements, and other general relief, and in separate counts sought both compensatory and punitive damages for breach of contract and for fraudulent conduct.
The trial court was of the view that the plaintiff's tender of the $25,000 cashier's check was conditioned upon matters beyond the agreement of the parties thereto, justifying the corporate defendant in refusing to accept the tender. If the stock option agreement between the plaintiff and the corporate defendant is considered as the only agreement involved, such a view would be correct because the stock option agreement made no provision for or reference to the extent of corporate ownership and control incident to the acquisition of 500 shares of stock. But we have the view that under pleadings of this case the written stock option agreement is not the only agreement to be considered.
The equitable principle set out in the opinion by Judge Knott in the case of Cushman v. Schubert, Fla.App. 1959, 110 So.2d 703, is clearly applicable to this case. There the court recognized the rule that *200 equity will not allow a corporate veil to cover fraud or injustice, and to prevent such the corporate entity may be disregarded and the corporation and individual or individuals owning all of its stock and assets treated as identical. On the basis of the pleadings which show essentially that the corporation was originally intended to be equally owned and controlled by plaintiff and defendant Arban, that the latter presently owns all of the outstanding corporate stock and was instrumental in increasing the authorized stock so that the 500 shares described in the option agreement would no longer represent 50% of the total authorized stock, we are justified in considering Arban and the corporate defendant as identical. When the stock option agreement is viewed as being essentially between Arban and the plaintiff, it is clear from the other allegations of the complaint that it is only a part of the alleged basic oral agreement and must therefore be considered in conjunction with the complete agreement of the parties rather than separate and apart therefrom.
The conditions upon which the tender was made were consistent with the alleged basic oral agreement between plaintiff and the defendant Arban, i.e., equal ownership in and control over the corporation and its business. In view of the alleged misconduct on the part of the defendants in "watering down" the option agreement by increasing the authorized common stock, the conditions which plaintiff attached to the exercise of the option and tender of payment were reasonable, prudent and in accord with those upon which plaintiff, under the allegations, had a right to insist. A tender made subject to a condition upon which the party has the right to insist is a valid tender. 52 Am.Jur., Tender, § 24.
Whether the allegations can be sustained by proof remains to be determined. We are of the view that they allege facts sufficient to entitle plaintiff to relief from a court of equity. The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CROSS, C.J., and McCAIN, J., concur.