283 So.2d 173

**Ex parte W & H Machine & Tool Company.**

**In re W & H MACHINE & TOOL COMPANY**

**v.**

**NATIONAL DISTILLERS AND CHEM-ICAL CORP., a corporation.**

**Ex parte Line Novelty Manufac-turing Company.**
**In re LINE NOVELTY MANUFACTURING COMPANY**

**v.**

**NATIONAL DISTILLERS AND CHEM-ICAL CORPORATION, a corporation.**

**SC 285, 296.**

Supreme Court of Alabama.

Sept. 20, 1973.

518

Johnston & Shores and Samuel G. Mc-Kerall, Birmingham, for petitioners.

Lange, Simpson, Robinson & Somerville, and Reid B. Barnes, Robert McD. Smith and Joseph W. Mathews, Jr., Birmingham, for respondent.

**BLOODWORTH, Justice.**

These two cases come to this court on petition seeking writs of mandamus to be issued to Honorable Whit Windham, Circuit Judge, Tenth Judicial Circuit. Both petitions assert that Judge Windham committed reversible error by his order transferring the petitioners' cases from the Law Division to the Equity Division of the Jefferson County Circuit Court. The causes were consolidated here and submitted on oral argument June 13, 1973. After a careful consideration thereof, we have concluded that Judge Windham's order was correct and that the petitions are due to be denied.

The original actions in these cases were brought on the law side by petitioners against National Distillers and Chemical Corporation for debts alleged to be due to petitioners by Brad's Machine Products, Inc.

The W & H Machine & Tool Company complaint was in three counts, two in code form for assumpsit, suing for the price of the goods sold, and the third in fraud, seeking punitive damages. The complaint was amended by striking these three counts and adding three additional counts, each of which sought money damages for the price of the goods sold and each of which alleged an "instrumentality" theory for recovery.[1]

The Line Novelty Manufacturing Company complaint was in one count in code form for assumpsit, suing for the price of the goods sold. This count was struck, and three additional counts were added seeking money damages for the price of the goods sold and also alleging an "instrumentality" theory for recovery.

As the basis for the "instrumentality" theory, both petitioners alleged in their amended counts that Brad's Machine Products, Inc. was the alter ego of the National Distillers and Chemical Corporation. It is also alleged that Brad's was a mortgage debtor of National Distillers, and that in order to forestall the collection and foreclosure of this mortgage, Brad's allowed National Distillers to take over its financial management. This takeover was alleged to have been accomplished by permitting an employee of National Distillers, one Leon H. Rudd, to issue all checks for Brad's and to possess the power to allocate funds for Brad's. The petitioners alleged that, as a result of this relationship, National Distillers took over payment of Brad's accounts and through its agent injured the plaintiff by expending Brad's funds for its own well being.

Following these amendments, the respondent judge entered orders transferring both cases from the law division to the equity division, being of the stated opinion that the causes could be disposed of only in equity. We agree.

Petitioners assert that mandamus is the proper remedy to review Judge Windham's orders of transfer. This is correct. See In re Curl v. Putman, 286 Ala. 85, 237 So.2d 475 (1970); Ex parte Porter, 271 Ala. 44, 122 So.2d 119 (1960).

---

1. This court has defined the "instrumentality" rule, viz:

"The notion of separate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another, and in such circumstances the fiction may not be prosecuted to permit the corporation to evade its just responsibilities. The fiction was introduced into the law for certain well-known purposes, but it was not invented to promote injustice or justify wrongs and when so used it should be disregarded. The courts will not allow the corporate entity to successfully masquerade through its officers, stockholders, representatives or associates so as to defeat the payment of its just obligations." [Citations omitted] Forest Hill Corporation v. Latter & Blum, Inc., 249 Ala. 23, 29 So.2d 298 (1947).

The primary issue before this court is whether an action to collect a debt can be maintained on the law side when the debtor is alleged to be the instrumentality and alter ego of the defendant, and the defendant is alleged to be thus liable for the debts of its instrumentality.

The petitioners contend that they have a right to maintain these actions in assumpsit on the law side since their claims are for money damages. Petitioners argue that, while the "instrumentality" rule is an equitable doctrine, its use is not limited to the equity side of the court. Their assertion is that the courts have made use of the doctrine in imposing liability on a defendant corporation in actions on the law side. They further contend that, since the action of assumpsit is a common law action, they have a right to a jury trial under the Constitution of Alabama. The right to a jury trial is the real issue in contention between the parties.

Article 1, § 11 of the Alabama Constitution of 1901 is a source of the right to jury trial in this state. That section provides: "That the right of trial by jury shall remain inviolate." (There are also rights to jury trial obtained through statutes with which we are not here concerned.)[2]

█ This provision has been interpreted to provide for jury trial in those classes of cases in which the right existed at common law, or in which it was used at the time of the adoption of the Constitution. Alford v. State, 170 Ala. 178, 188, 54 So. 213, 215 (1911). This embraces all purely legal rights and contentions which were known to the common law and which had no element of equitable cognizance in their composition and in which a trial by jury existed. Tillery v. Commercial National Bank, 241 Ala. 653, 4 So.2d 125 (1941); Montgomery & Florida Ry. v. McKenzie, 85 Ala. 546, 549, 5 So. 322 (1888).

Section 11, supra, however, in no way enlarges the right of jury trial. It does not extend to cases where jury trial was not available as of right prior to the Constitution. State v. Bley, 162 Ala. 239, 50 So. 263 (1909). Nor does it extend to causes totally unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution. In re One Chevrolet Automobile, Senior v. State, 205 Ala. 337, 87 So. 592 (1921); Tims v. State, 26 Ala. 165 (1855).

The primary question before this court then is whether or not the action of assumpsit based upon an instrumentality theory was recognized on the law side of the court at common law.

We have not been cited to, nor have we found, any cases prior to the adoption of the Alabama Constitution which have specifically held that causes relying on the "instrumentality theory" (whether it be denominated the "entity theory," "alter ego," "piercing the corporate veil," "disregarding the corporate entity," etc.) may be brought on the law side of the court. We must, therefore, conclude that this precise cause of action was unknown to the common law.

█ Nor can we agree with appellants' contention that an action of assumpsit based upon an instrumentality theory, when only money damages are sought, is nothing more than any other action sounding in assumpsit, which can only be properly brought on the law side. While appellants' cite several cases for the proposition that equity jurisdiction does not extend to a party seeking only money damages, a closer look at those same cases reveals that the test is not whether or not only money damages are sought, but whether *there is an adequate remedy at law*. Merchant's National Bank v. Roche, 227 Ala. 639, 151 So. 591, 593 (1933); City of Tuscaloosa v. Williams, 229 Ala. 542, 158 So. 753, 756 (1935); Gulf Compress Co. v. Harris,

2. See Rule 38, "The Alabama Rules of Civil Procedure," (1973) and "Committee Comments" thereunder. See also Rule 2, supra, and "Committee Comments" thereunder.

Cortner & Co., 158 Ala. 343, 48 So. 477, 480 (1908).

As applied to the case at bar, it is clear that an adequate remedy exists at law only if the instrumentality rule is cognizable at law. In nearly all the Alabama cases (outside of tort actions) which have employed the "instrumentality rule" or "pierce the corporate veil" theory, it is indicated that the court does so sitting *as a court in equity*. See, e. g., the very recent case of C. E. Development Co. v. Kitchens, 288 Ala. 660, 264 So.2d 510 (1972); Morgan Plan Co. v. Vellianitis, 270 Ala. 102, 107, 116 So.2d 600 (1959); Appelbaum v. First National Bank of Birmingham, 235 Ala. 380, 382, 179 So. 373, 374 (1938).

In *Appelbaum*, supra:

"The evidence shows that the Appel Investment Company, Inc., was a mere simulacrum; that it was owned and controlled by the said M. A. Appelbaum and his son, Kelvie, each owning thirteen of the twenty-six shares of stock; that Silberman, whose name was used in the organization of the corporation, was a mere dummy stockholder of one share held for organization purposes and transferred said share to Kelvie after the organization. Therefore, looking through form to substance, as a court of equity will do, the Appelbaums were the corporation and its debts were their debts." [Citations omitted]

In the instant case, the ultimate question which the trial court must decide is: whether, looking through form to substance, as the equity court will do, Brad's debts which are owed to W & H Machine and Line Novelty are the debts of National Distillers.

We have found no Alabama cases on the question as to whether law will follow equity in applying the instrumentality rule in the non tort context. In the few Alabama cases involving this rule tried on the law side which have come to our attention, no challenge was made to the forum. Thus, this issue was never presented. Looking to the courts of other jurisdictions, we have been cited to only two states which have specifically held that the instrumentality rule will be recognized by a court sitting at law. These two are California (see, e. g., Erkenbrecher v. Grant, 187 Cal. 7, 200 P. 641 (1921) (dicta); Mirabito v. San Francisco Dairy Co., 8 Cal.App.2d 54, 47 P.2d 530 (1935)) and Wisconsin (See R. B. General Trucking, Inc. v. Auto Parts & Service, Inc., 3 Wis.2d 91, 87 N.W.2d 863 (1958)).

The overwhelming majority of cases in other jurisdictions which disregard the corporate entity have been tried in equity and recognize that the doctrine is one of an equitable nature. See, e. g., as examples: Fitzgerald v. Central Bank & Trust Co., 257 F.2d 118, 120 (10 Cir. 1958); Tilley v. Shippee, 12 Ill.2d 616, 147 N.E.2d 347, 352 (1958); In re Rieger, Kapner & Altmark, 157 F. 609, 613 (D.C.Ohio 1907); Plank v. Arban, 241 So.2d 198, 200 (Fla.App.1970); Broyles v. Johnson, 99 Ga.App. 69, 107 S. E.2d 851, 853 (1959), (refusal to disregard corporate entity because brought in law); Crocker v. Pitti, 179 Md. 52, 16 A. 2d 875, 877 (1940); United Armenian Brethren Evangelical Church v. Kazanjian, 322 Mich. 651, 34 N.W.2d 510, 513 (1948); Kugler v. Koscot Interplanetary, Inc., 120 N.J.Super. 216, 293 A.2d 682, 703 (1972); Schriock v. Schriock, 128 N.W.2d 852, 866 (N.D.1964); Continental Supply Co. v. Forrest E. Gilmore Co., 55 S.W.2d 622, 628 (Tex.Civ.App.1933), (disregard of corporate entity in proper province of court not jury).

We think these latter cases state the better rule. It is a generally accepted principle that in both law and equity a corporation is treated as a separate and distinct entity. Finley v. Kanter, 256 Ala. 103, 53 So.2d 347 (1951); Toomer v. Alpha Lambda Club, 37 Ala.App. 331, 67 So.2d 849 (1953). While law rigidly observes these legal structures, a court of equity will look beyond the legal formalisms of the corporate fiction when necessary in order to

prevent injustice. Selected Inv. Corp. v. Duncan, 10 Cir., 260 F.2d 918, cert. denied 359 U.S. 914, 79 S.Ct. 584, 3 L.Ed.2d 576 (1959); Specht v. Eastwood-Nealley Corp., 25 N.J.Super. 69, 95 A.2d 485 (1953); Landa v. Whitfield, 131 S.W.2d 310 (Tex. Civ.App.1939). See also 1 Fletcher Cyclopedia Corporations, § 41.2, n. 7.

■ We thus conclude that a cause of action filed, as here, in assumpsit predicated on an instrumentality theory, though seeking money damages only, properly invokes the equity powers of the court.[3] The petitions for writs of mandamus are due to be denied.

Writs denied.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.

3. Since this cause was submitted, the Alabama Rules of Civil Procedure (1973) became effective on July 3, 1973. We do not decide whether, or to what extent, these "Rules" apply to these causes. See Rule 86.

Neither do we decide to what extent Rules 38 and 39 may affect these causes, should the "Rules" be considered applicable by the trial court.