Judgment for damages in the sum of $8,888.74 for breach of contract against defendant James E. Poston was rendered by the court sitting without a jury. Judgment denying counterclaim for abuse of process was rendered against defendant Anna Poston. Defendants each appeal. We reverse.
Plaintiffs and defendant James E. Poston entered into a contract for the construction and sale of a house in consideration of payment by plaintiffs of $38,500.00. During construction certain changes were made departing from the original plans and specifications. Such changes resulted in an overrun from the contract price. The authorization for many of the changes was disputed in the evidence. Defendant presented plaintiffs a statement for the increased price due to the alleged overrun. Plaintiffs disputed the overrun and authorization of the changes in construction. Defendant refused to convey to plaintiffs unless paid some $43,000.00, and placed the house on the market for sale.
Plaintiffs brought suit against Poston and his wife for specific performance and damages for breach of contract, requesting trial by jury. Lis pendens was filed. Defendants each filed counterclaims for damages. Defendant Anna Poston counterclaimed for attorney fees and costs for defending plaintiffs' suit when she was not a party to the contract between plaintiffs and James Poston.
Subsequent to plaintiffs filing suit, defendants sold and conveyed the property to James and Charlotte Oliver. Plaintiffs amended suit and added the Olivers as defendants for specific performance. In said amendment plaintiffs withdrew their jury demand. Defendants then filed jury demands. Plaintiffs moved to dismiss defendants' jury demands.
The learned trial judge granted the motion to dismiss defendants' jury demands. The judgment discussed at some length the application of Rule 38 ARCP to the issues presented in the case. The court stated that the main thrust of action was specific performance, though elements of damage were claimed by various parties. Therefore, it was concluded that as no right to a jury trial was known at common law on a bill for specific performance, no rights existed under Rule 38, ARCP.
The matter proceeded to trial on complaint and counterclaims. Judgment was entered denying specific performance to plaintiffs, denying relief on defendants' counterclaims but granting damages to plaintiffs for breach of contract.
Plaintiffs do not appeal from denial of specific performance. Defendants Poston appeal.
The first and primary issue presented by defendants' appeal is that the court erred in denying the right to a jury trial on the cause of action of breach of contract and on the counterclaims.
Rule 38 (a) ARCP provides:
 "The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate."
The Committee Comment to Rule 38 states that the rule is intended to preserve the same right to jury trial as was known under prior practice. Prior practice gave the right to a jury trial in all cases permitted at common law and by statute at the time *Page 167 
of the adoption of the state constitution. W H Machine ToolCo. v. National Distill. C. Corp., 291 Ala. 517,283 So.2d 173.
With the adoption of the Alabama Rules of Civil Procedure, the common law forms of actions at law and in equity were abolished. Actions and defenses of a legal and equitable nature may now be joined and intermingled in the one form of "Civil Action." Rule 2, ARCP. Thus the right to trial by jury is not now determined by the common law form of action but by the issues presented by the pleadings in the "Civil Action." This is made clear by the phrasing of the following partial quote from Subsection (b) of Rule 38: "Any party may demand a trial by jury of any issue triable of right by a jury. . . ." (Emphasis ours.)
The trial court was correct in its observation that there was no common law right to a trial by jury in the solely equitable action for specific performance. However, the action before it included legal claims for damages for breach of contract and abuse of process. These issues of fact, though joined with a claim for specific performance, are purely legal matters over which common law equity had no jurisdiction.
Under our new rules of practice and procedure it will not be unusual for the court to be trying equitable issues and legal issues in the same action. The court in most instances decides the first without the assistance of a jury. A jury, if requested, must try the latter.
Under the prior system equity assumed jurisdiction when there was no adequate remedy at law. It was often said that equity having assumed jurisdiction properly, it would proceed to do complete justice between the parties though there might be an invasion into areas of law. Alabama, Tenn. Northern Ry. Co.v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441. This principal was espoused to prevent multiplicity of actions. It was upon this principle that a court of equity would in some instances augment recognized equitable relief by granting damages incidental to such relief. Swofford v. B W,Incorporated, 336 F.2d 406 (5th Cir. 1964). Such damages were granted by the court without a jury, even though the granting of damages was recognized as peculiarly within the province of a jury trial at law. Stow v. Bozeman's Executors, 29 Ala. 397;Whaley v. Wilson, 112 Ala. 627, 20 So. 922.
However, we know of no case of the granting of damages by a court of equity except as determined to be incidental and augmental to the equitable relief primarily sought and upon which the equitable jurisdiction was founded.
In the instant case, though requesting specific performance in a first claim, plaintiffs proceeded in other claims to seek a determination of breach of contract and damages therefor. Such damages were not incidental to the granting of specific performance but as an alternative form of relief. After amendment adding the Olivers as defendants, appellant-defendants were admittedly unable to specifically perform and could only respond to the claim for breach of contract and damages. It must follow that the counterclaims of defendants sounded in damages only and were, without question, legal claims which could only be tried to a jury.
Rule 38, Federal Rules of Civil Procedure is applied in relation to the Seventh Amendment of the United States Constitution. The Seventh Amendment is not materially different from Section 11 of the Alabama Constitution. Each holds the right to a jury trial inviolate and preserves such right as it was at common law at the time the amendment was adopted.Baltimore Carolina Line v. Redman, 295 U.S. 654,55 S.Ct. 890, 79 L.Ed 1636; W H Machine Tool Co., supra. *Page 168 
Beacon Theatres, Inc. v. Westover, 359 U.S. 500,79 S.Ct. 948, 3 L.Ed.2d 988 was an early application of Federal Rule 38 to a case involving mixed issues of law and equity. That case was followed three years later by Dairy Queen, Inc. v. Wood,369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. Dairy Queen, supra
applied Beacon Theatres, supra and amplified it in relation to legal issues which may be "incidental" to equitable issues. The court speaking through Mr. Justice Black (who also authoredBeacon Theatres, supra) said:
 "But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."
The fact that the instant case began with a "purely equitable" claim for specific performance may not infringe upon the right of either party to try to a jury a purely legal issue which may follow thereafter.
Plaintiffs' argument that the determination of damages was made by the court as an incident to the equitable action of specific performance is not logically acceptable. First, because the issue of damages was a legal issue even at common law. After merger of issues in equity and in law in one trial, the excuse of multiplicity of suits which permitted courts of equity to determine incidental damages no longer exists. Thus, it can be said that in such cases the rules of procedure expand the right to a jury trial rather than limiting it. There is presented a classic example of the expansion of the right to a jury trial effected by the adoption of the new rules of procedure in the case of Ex parte Garrett, 294 Ala. 535,319 So.2d 665 (1975). Second, the damages granted cannot be termed incidental to the equitable action of specific performance because the equitable relief was denied. The only relief granted plaintiffs was damages for breach of contract. That relief was contrary to the nature of specific performance and was purely legal at common law. The denial of a jury trial to defendants in this case points glaringly to the danger of determining such right because of the wording of an initial pleading. It is no longer possible to make a blanket categorization that an action is "purely equitable" or "purely legal." The trial court made that error in the instant case. The effect was to deny the equitable relief and proceed to try and render judgment on patently legal issues without granting to defendants their right to a trial by jury. For this the judgments in favor of plaintiffs and against defendants must be reversed.
The question of whether the plaintiffs had a right to withdraw their jury demand without consent of defendants under Rule 38 (d) ARCP is not necessary to determine on this appeal. The subsequent demand of defendants was timely filed after the amended complaint of plaintiffs under Rule 38 (b).
It is the opinion of the court that upon remandment the issues presented by plaintiffs' claim for breach of contract, and the defendants' counterclaims, if properly permitted by the pleadings to reach the trial stage, must be tried to a jury unless otherwise waived by the parties.
The claim for specific performance, having been properly tried to the court, judgment entered thereon without appeal, is not disturbed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 169