230 So.2d 534

Norman L. TARVER

v.

HOUSEHOLD FINANCE CORPORATION.

1 Div. 11.

Court of Civil Appeals of Alabama.

Jan. 12, 1970.

Fred F. Smith, Jr., Prichard, for appellant.

Mayer W. Perloff, Mobile, for appellee.

WRIGHT, Judge.

Household Finance Corporation of Mobile, appellee here, obtained a judgment in the Court of General Sessions of Mobile County against Norman L. Tarver, appellant here, on September 25, 1968. Time for appeal from the judgment to the Circuit Court of Mobile County expired.

A petition was filed by Tarver on October 8, 1968, directed to the Circuit Court of Mobile County. The petition prayed for the issuance of a *common law* writ of certiorari. (Italics ours.) Bond was filed

and an order entered by a judge of the Circuit Court of Mobile County reading in part as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that the petition be and hereby is granted, and you will render the Writ of Certiorari in accordance with the prayer of the petitioner requiring the said J. D. RICHARDSON, Clerk of the Court of General Sessions of Mobile County, Alabama, to forthwith send the cause together with all things touching the same, to the Circuit Court of Mobile County, Alabama, and to abstain from further proceedings therein.

"DATED: This 8th day of October 1968.

"/s/ Joseph M. Hocklander, Judge

"Filed on October 8, 1968."

Writ of certiorari to the Court of General Sessions was issued and executed on October 18, 1968. The record of the Court of General Sessions was certified to the Circuit Court of Mobile County in accordance with the writ of certiorari. Hearing on the writ of certiorari was held in Circuit Court on April 15, 1969, and an order entered thereon by William D. Bolling, Circuit Judge, on April 16, 1969. That order is set out in full below.

"ORDER, WRIT OF CERTIORARI DENIED, AND JUDGMENT FOR THE PLAINTIFF AND AGAINST THE DEFENDANT FOR THE SUM OF $750.00

WEDNESDAY, APRIL 16, 1969

"The Writ of Certiorari having been presented and accepted by this Court on October 8, 1968, and the Court being of the opinion that said Writ does not entitle the Defendant to a trial de novo but to such review of the record as would be available under the common law writ;

"And the Court being of the opinion that no error is shown in the record from the Court of General Sessions;

"And the Defendant having posted in this Court a supersedeas bond to pay and satisfy the judgment of the Circuit Court;

"Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Writ of Certiorari be and hereby is DENIED, and that the Plaintiff have and recover of the Defendant the sum of SEVEN HUNDRED FIFTY DOLLARS ($750.00), plus costs of Court, for which let execution issue.

"DONE this 16th day of April, 1969.

"/s/ William D. Bolling
    Circuit Judge"

It is from this order that appeal was taken.

There are three assignments of error. The first two are argued jointly, and are that the trial court erred in denying defendant-appellant a trial de novo after removal by writ of certiorari. The third error assigned is the denial of the writ of certiorari.

Appellant's argument in brief is directed to the question of whether the Circuit Court of Mobile County has the power to grant a statutory writ of certiorari to the Court of General Sessions of Mobile County under Title 13, Section 184, 1940 Code of Alabama. Appellee in brief answers the argument of appellant.

It appears that neither appellant nor appellee looked sufficiently to the petition for writ of certiorari, nor the order of the Circuit Court granting the writ. We have hereinabove emphasized, by italicizing, the pertinent portion of the prayer of the petitioner, and have set out haec verba the pertinent portion of the order granting the writ.

The question raised by briefs are interesting, and may, when properly presented, be decided by this Court on appeal. At this time the question is not properly presented and not for decision in disposing of this appeal.

The petition presented by appellant for writ of certiorari prayed only for common law certiorari. The Circuit Court by its order granting the writ, granted only the writ prayed for by the petition. Thus, the writ granted was not statutory but common law certiorari. Upon hearing, the record of the Court of General Sessions was before the Circuit Court. The judgment entry clearly shows a finding of no error in the record of the Court of General Sessions, and indicated affirmation of the original judgment. Thus, the Circuit Court sat as a court of review and found no error below. This was proper procedure for hearing of a common law writ of certiorari. The Circuit Court further held that there was no right to trial de novo under the writ of certiorari granted. This portion of the judgment was unnecessary and was surplus, but was merely declaratory of long established law.

The appellant in brief, states such to be the law and furnishes citations. His statement is as follows:

" * * * If the Circuit Court can only grant the Common Law Writ, then the Court can only review the record proper of the lower Court and reverse or affirm the lower Court's decision. Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13; Fowler v. Fowler, 219 Ala. 457, 122 So. 444."

The question presented by the pleadings on this appeal is not *if the Circuit Court can grant the common law writ.* It, in fact, did only grant a common law writ, for that was the writ requested by petition of appellant.

We do not decide on this appeal if the Circuit Court of Mobile County has the power to grant a statutory writ of certiorari to the Court of General Sessions of Mobile County.

The judgment of the court below must be and is affirmed.

Affirmed.