Appellant Hallman appeals from judgment of the Circuit Court sustaining his dismissal as a policeman by the Personnel Board of the City of Northport. We reverse.
Because of the discharge of his pistol and near shooting of a fellow officer during "horse play" while on duty, Hallman was dismissed by the Council of the City of Northport. His dismissal was sustained at a hearing before the Personnel Board of the City. As provided by Act No. 1225, 1969 Regular Session of the Legislature, Hallman appealed to the Circuit Court.
The pertinent part of Section 19 of Act No. 1225 is as follows:
 "The employee, . . . may, within ten (10) days after the decision of the board is rendered, appeal to the court from any decision of the board . . . by filing notice of such appeal with the court. . . . Upon the filing of such notice, the board shall file with the court a certified transcript of the proceeding had before it with respect to the appeal, and its decision in the matter. The appeal shall be heard at the earliest possible date by the court sitting without a jury on the issues made before the board and the trial in the court shall be de novo."
At the trial on the appeal, counsel for Northport introduced into evidence, over the objection of Hallman, the transcript of the proceedings before the Board. Without producing further evidence Northport rested. Hallman moved for judgment. The motion was denied. Hallman rested. Judgment was entered sustaining the judgment of the Board.
Hallman submits on appeal that the court erred in admitting the transcript of the proceedings before the Board and in denying the motion for judgment after Northport presented no further evidence.
From a reading of the appeals section of Act No. 1225, the theory of Hallman becomes evident. That is, the trial in circuit court, though without a jury, is de novo and must be tried anew as if for the first time.
The answer of Northport to Hallman's contention is based upon Section 6 of Act No. 1225. There it is stated:
 "Sec. 6. Rules, Classification Plans, and Pay Plans. So long as the same are not inconsistent with this Act, the board shall have the power to recommend to the governing body the adoption of rules and regulations for the operation of the merit system established hereby, a job classification plan, a pay plan and a plan for the mandatory and/or permissive retirement of employees." *Page 154 
Under the presumed authority of Section 6, the City adopted Rule X, Section 2 which provides in part as follows:
 "Review by the court shall be without jury and be confined to the record, and to a determination of the questions of law presented; the Board's findings of fact shall be final and conclusive."
It is the contention of Northport that the adoption of Rule X, Section 2 represents the lawful exercise of authority granted to the City under Section 6 of the Act. We cannot agree.
Section 6 merely gave authority to the Board to recommend and the City to adopt certain rules, regulations and plans necessary to implement and administer the purposes broadly stated by the Act. Such would of necessity be largely administrative and procedural. They could not be inconsistent with the purpose and intent of the Act, nor remove or limit substantive rights granted therein. Rule X, Section 2 clearly is inconsistent with and removes substantive rights of a disciplined employee granted by Section 19.
Section 19 directed a de novo trial upon appeal to the Circuit Court. In the absence of terms of qualification, the meaning of trial de novo is well established by decisions of the appellate courts of this state. Smith v. Civil ServiceBoard of City of Florence, 52 Ala. App. 44, 289 So.2d 614. In that case we said:
 "A true de novo hearing of a matter decided by an inferior court or administrative agency is tried and determined as if no other proceedings had ever taken place. It is a trial anew; a brand new proceeding, as if such proceeding had been commenced in the reviewing court from the start. Ball v. Jones, 272 Ala. 305, 132 So.2d 120."
There are no qualifying terms limiting the defined meaning of "de novo" in Section 19. It is noticed that it is provided that the Board shall file with the court a certified transcript of the proceeding had before it and its decision. It is also noticed that the court is directed to hear the appeal on the issues made before the Board. However, these provisions are followed with the command that "the trial in the court shall be de novo." The directions of the rule effectively remove the right to a trial de novo.
The adopted rule clearly eliminates the accepted meaning of de novo. The rule turns "trial de novo" into a review by common law certiorari. Tarver v. Household Finance Corporation,45 Ala. App. 344, 230 So.2d 534. It is therefore inconsistent with the Act and is void.
The rule being without effect, it follows that the acceptance, over objections, of the transcript of the proceedings before the Board, together with the Board's decision was error. Such transcript could not supply evidence of a prima facie case in a trial de novo when objected to by Hallman. Being illegally before the court, the transcript could not support a judgment.
We are unable to discern the purpose of the Act directing the filing of the transcript of the proceedings before the Board and its decision in the circuit court on appeal, unless it was intended to be used to determine the issues to be tried. The act does not contain directions as to how the transcript may be used as was done in the Act considered in Smith v. CivilService Board of City of Florence, Supra. The uncertainty of the Act in respect to the purpose of filing the transcript on appeal does not affect the clearly stated right to a trial de novo.
The judgment below is reversed and the case is remanded for trial de novo as directed by the Act.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 155