BRADLEY, Judge.
On March 3, 1982 a complaint was filed with the Alabama Board of Nursing alleging that on two occasions Margo Gene Vier-ra Smith, a registered nurse employed by Baptist Medical Center-Montclair, had substituted a quantity of unknown pills for Tylenol # 3 tablets. A hearing on the complaint was held and on July 22,1982 the board of nursing concluded that Margo Smith was “guilty of unprofessional conduct of a nature likely to deceive, defraud or injure the public in matters relating to health.” Her nursing license was revoked.
As provided by Alabama Code section 34-21-25, Margo Smith filed an appeal of the board’s decision in the circuit court of Jefferson County. In her appeal she requested a jury trial. Soon thereafter the Alabama Board of Nursing filed a motion to strike the jury demand. In its motion the board stated that an appeal from a nursing board disciplinary action is an appeal on the record of the administrative proceedings, not a jury trial de novo. After a hearing on the motion, the motion was granted. The circuit court stated that Margo Smith was not entitled to a jury trial de novo and that the court should sit as a court of judicial review in this appeal of the board’s decision.
Margo Smith petitioned this court for a writ of mandamus. She requests that we order the Jefferson County Circuit Court to grant her a jury trial or a nonjury trial de novo in her appeal.
The petitioner, Margo Smith, points out in her brief that section 34-21-25, Code 1975, which provides for an appeal from nursing board disciplinary actions, provides that “[t]he trial of appeals hereunder shall be conducted in like manner, as nearly as may be, as provided for in sections 34-24-101 through 34-24-105 [Code 1975],” the appeal provisions for physicians from decisions of the board of medical examiners. Under this procedure the circuit court is limited to a determination of whether the board’s decision is supported by the record. However, in 1981 sections 34-24-101 through 34-24-105 of the Code were repealed by the legislature. This, the petitioner claims, left her with a statutory right to appeal but without specific appellate procedure for the conduct of the review hearing.
Petitioner argues first that article one, section eleven of the Alabama Constitution gives her the right to demand a jury trial. This section provides “[t]hat the right of trial by jury shall remain inviolate.” Ala. Const. art. 1, § 11. We note that this section of our constitution has been interpreted as preserving jury trials for those cases which would have been triable by jury at common law. Ex parte W & H Machine & Tool Co., 291 Ala. 517, 283 So.2d 173 (1973). The nursing board’s licensing procedure and the proceedings for revoking a license are statutorily created matters unknown at common law and thus not entitled to a jury trial. See generally Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946).
In an analogous situation our supreme court, in Ex parte Thompson, 228 Ala. 113, 152 So. 229 (1933), determined that a court may suspend or remove an attorney’s privilege to practice without giving him a jury trial. The power to remove an attorney from practice exists not as punishment to an offender but rather as a safeguard to the administration of justice and a method to protect the public from the misconduct or unfitness of those who are licensed to practice. Furthermore, in Ex parte Homewood *110 Dairy Products Co., 241 Ala. 470, 3 So.2d 58 (1941), the Alabama Supreme Court held that the appeal of a state milk control board decision to revoke a license upon a finding of certain facts is similar to a disbarment proceeding in that a jury trial is not required. We extend this rationale to disciplinary decisions of the nursing board. Margo Smith is not entitled to a jury trial of her appeal of the board’s decision.
Petitioner’s second argument is that in the absence of any statutory appeal procedure, the appropriate method of review on appeal is a trial de novo. To support her position, Margo Smith cites Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), for the proposition that without reference to specific statutory authorization questions of fact related to fundamental jurisdictional conditions to the determinations of an administrative agency may be decided de novo.
In Crowell the deputy commissioner of the United States Employees’ Compensation Commission determined that an injured worker was eligible to receive compensation under the Longshoremen’s and Harbor Worker’s Compensation Act. The employer contended that the deputy commissioner’s decision was erroneous. In the federal district court a trial de novo was held and the question of the worker’s eligibility for compensation was relitigated. In affirming the district court’s de novo determination of eligibility, the United States Supreme Court pointed out that the applicable compensation statute did not state whether the deputy commissioner’s determination of jurisdiction (eligibility) was final. The case at bar is distinguishable from Crowell. The statute governing the revocation of a nursing license provides that the decision may be appealed. The legislature’s provision for an appeal indicates it intended the nursing board’s decision to be final.
Petitioner also asserts that in Hallman v. City of Northport, 333 So.2d 152 (Ala.Civ. App.1976), this court recognized that an appeal from an administrative agency could be tried de novo. We note, however, that our holding in Hallman is inapplicable to the ease at bar. Hallman involved an appeal from the City of Northport’s personnel board. The act which provided for appeals from the city’s personnel board specifically stated that “[t]he appeal shall be heard at the earliest possible date by the court sitting without a jury on the issues made before the board and the trial in the court shall be de novo.” 1969 Ala. Acts 1225 § 19.
The general rule for review of administrative agency actions is that in the absence of specific statutory provisions for a de novo hearing, or of a proceeding not in accordance with due process requirements, the court is limited in its review to the record made in the agency’s proceedings. See generally, 2 Am.Jur.2d Administrative Law § 697 (1962). Petitioner did not allege in her petition for writ of mandamus that the proceedings of the Alabama Board of Nursing were in violation of due process requirements. We also note that our legislature has not provided for a de novo review of the nursing board’s decision even though it has made such provisions for review of other agency decisions. See e.g., 1971 Ala. Acts 1619; 1969 Ala. Acts 1225. The petitioner is not entitled to a de novo hearing of her appeal. Margo Smith’s petition for writ of mandamus is denied.
WRIT DENIED.
WRIGHT, P.J., and HOLMES, J., concur.