BRADLEY, Presiding Judge.
This appeal follows a court order directing the City of Dothan Personnel Board to certify an applicant as eligible for employment as a Dothan police officer.
The applicant, Lynwood E. Stokes, Jr., sought employment with the City of Do-than as a police officer. Stokes took the necessary examination for police officer applicants and ranked fifth out of seventy-seven applicants. When Stokes originally submitted his application, ten positions for police officer were available. However, when the list of potential employees was certified to the police chief, Stokes’s name was not included.
Stokes’s father is Captain of the Criminal Investigation Division of the Dothan Police Department and is Acting Police Chief on occasion. The City of Dothan has a Personnel Board Rule dealing with the employment of relatives within the City system. That rule provides:
“No individual shall be employed in any position in the Classified Service who will supervise directly or indirectly or come under the direct or indirect supervisory authority of a relative.”
Personnel Board Rules, City of Dothan, Rule 2.550. Because of this rule the Personnel Director refused to certify Stokes’s name to the Police Chief.
Stokes later requested the court to issue a temporary restraining order (TRO) to prevent the City’s filling of all the officer positions, to prevent certification of the list to the Police Chief, to prohibit the Police Chief from hiring any new patrolmen, and to direct the Personnel Board and Personnel Director to certify Stokes as eligible for the position.
The court issued the TRO and ordered, among other things, that the Personnel Board and Personnel Director leave open at least one of the ten patrolman positions originally available. The TRO was later extended by the court and a preliminary injunction ordered which enjoined the Personnel Board and Director from filling all the positions.
Following a hearing on the matter the court found:
“Such regulation [Pers. Bd. Rule 2.550] exceeds the scope of the City of Dothan’s Civil Service Act which in Sec. 26(d) merely provides that no person shall be employed in a department of the City ‘if such person is related by blood or marriage within the fourth degree to the department head of such department.’ Rules and Regulations of the City of Dothan Personnel have the force and effect of law only if they are not inconsistent with the City of Dothan Civil Service Act. Civil Service Act, Sec. 10.”
We agree.
Pursuant to the City of Dothan’s Civil Service Act, a City Personnel Board was created to govern individuals within the City’s Classified Service. § 6, 1947 Local Ala. Act No. 273. The position applied for by Stokes was within the Classified Service. § 2, Act No. 273. As part of its duties, the Personnel Board was charged with adopting regulations that would facilitate the Act’s implementation. § 8, Act No. 273. However, the rules and regulations adopted by the Personnel Board have the force and effect of law only to the extent they are not inconsistent with the Act itself. § 10, Act No. 273.
This court has held that where a legislative act gives authority to a city personnel board to develop rules and regulations necessary for the proper implementation of the act’s purposes, those rules and regulations cannot “be inconsistent with the purpose and intent of the act, nor remove or limit substantive rights granted therein.” Hallman v. City of Northport, 333 So.2d 152 (Ala.Civ.App.1976).
Consequently, the dispositive issue on appeal is whether Rule 2.550 limits the substantive rights of potential City employees *1087 as granted by the Act. We find that it does.
As the trial court aptly stated in its order, Rule 2.550 “exceeds the scope of the City of Dothan’s Civil Service Act.” Pursuant to Rule 2.550, a potential employee will be turned down for City employment if he or she may “come under the direct or indirect supervisory authority of a relative.” On the other hand, the Act limits employment only if the applicant is related by consanguinity or affinity within the fourth degree to the department head. No argument was made that applicant’s father, a police captain who occasionally acted temporarily as police chief, was a department head. Personnel Board Rule 2.550 further limits the rights afforded potential employees under the Act. Both the Act itself and our case law prohibit this additional limitation on an employee’s rights. Hallman, supra; Act No. 273, 1947 Local Ala. Acts.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.