THOMPSON, Presiding Judge.
 

 This is the second time these parties have been before this court. This court has explained the procedural history and facts of this dispute as follows:
 

 “The North Alabama Skills Training Consortium, the Central Alabama Skills Training Consortium, and the South Alabama Skills Training Consortium (collectively ‘the Consortia’) appeal from the denial of their petition for a writ of certiorari. The evidence and record on appeal reveal the following.
 

 “I.
 
 Procedural History
 

 “In June 2005, the employment contracts of nine state employees were not renewed; those employees were: Roberta Ford, Dolores Ibarra, John McGowin, Angela Mullins, Robyn Stin-son, Dawn Thorn, Emuel Todd, Annette Rea, and Gloria Watkins. In July 2005, eight of those employees — Ford, Ibarra, McGowin, Mullins, Stinson, Thorn, Todd, and Watkins (collectively ‘the employees’) — filed direct appeals with the attorney general’s office, purportedly pursuant to the Fair Dismissal Act (‘FDA’), § 36-26-100 et seq., Ala.Code 1975.1
 
 See
 
 § 36-26-115, Ala.Code 1975. The employees alleged that their respective employers had violated the FDA, specifically §§ 36-26-102 through -104, Ala. Code 1975, by terminating their employment without notice and a hearing.2
 

 
 *18
 
 “Ibarra, Thorn, and Todd identified Bevill State Community College (‘Bevill State’) as the respondent in their appeals. Bevill State responded, denied any employment relationship with Ibar-ra, Thorn, and Todd, and asserted that Ibarra, Thorn, and Todd were instead employed by the North Alabama Skills Training Consortium (‘NASTC’). Bevill State denied that the NASTC was one of its divisions or departments, and it denied that the FDA governed Ibarra’s, Thorn’s, and Todd’s employment.
 

 “Ford and Watkins identified Southern Union State Community College (‘Southern Union’) as the respondent in their appeals. Southern Union responded, denied any employment relationship with Ford and Watkins, and asserted that Ford and Watkins were instead employed by the Central Alabama Skills Training Consortium (‘CASTC’). Southern Union denied that the CASTC was one of its divisions or departments, and it denied that the FDA governed Ford’s and Watkins’s employment.
 

 “McGowin, Mullins, and Stinson identified Bishop State Community College (‘Bishop State’) as the respondent in their appeals. They each purported to appeal individually and on behalf of all similarly situated employees. The South Alabama Skills Training Consortium (‘SASTC’) responded, stating that it had been incorrectly identified as ‘Bishop State.’ The SASTC asserted that it, and not Bishop State, had employed McGowin, Mullins, and Stinson. The SASTC denied that it was a part of Bishop State, and it denied that the FDA applied to McGowin’s, Mullins’s, and Stinson’s employment.
 

 “The Consortia subsequently filed a joint motion to dismiss the employees’ appeals, asserting that the employees were not governed by the FDA and, therefore, that an administrative law judge (‘ALJ’) lacked jurisdiction to consider the appeals. Each consortium stated that it had been incorrectly identified by the employees. Bevill State, Southern Union, and Bishop State (collectively ‘the colleges’) made no further filings in the action. The eight appeals were assigned to an ALJ and consolidated. The ALJ received briefs and documentary evidence, but he did not hold a hearing.
 

 “On May 24, 2006, the ALJ issued a 43-page report and recommendation in which he found that the Consortia were departments within the colleges, that the employees were employed by the colleges, and that the colleges operated ‘under the control, authority, and auspices of the Alabama College System.’ The ALJ concluded that the FDA applied to the employees and that the employees had been wrongfully denied notice and hearings as to the discontinuation of their employment. The ALJ ordered as follows:
 

 “ ‘2.... [T]he actions of the two-year colleges are hereby rescinded, and the [employees] are entitled to:
 

 “ ‘a. The rights and privileges of the FDA, including their right to a hearing prior to their termination.
 

 “ ‘b. Proper notice per the FDA.
 

 “ ‘c. Reinstatement and back pay.
 

 “ ‘3. The [colleges] are hereby placed on notice that any further employment action on their part must be in full compliance with the FDA.’
 

 “The ALJ also ordered that ‘all of the [colleges’] employees who are situated as are the Petitioners in the case sub judi-ce[ ] are subject to the FDA.’
 

 “On June 23, 2006, the Consortia filed in the Montgomery Circuit Court a petition for a writ of certiorari and a motion to stay enforcement of the ALJ’s order.
 
 *19
 
 The employees moved to dismiss the petition, arguing, among other things, that because the ALJ’s order was final under § 36-26-115, Ala.Code 1975, the Consortia had no right to appeal or petition for certiorari review. The employees also argued that the Consortia lacked standing and were not proper parties under Rule 17, Ala. R. Civ. P. The circuit court granted the motion to stay.
 

 “On December 18, 2006, while the petition for certiorari review was pending before the circuit court, Rea filed a direct appeal with the attorney general’s office, citing § 36-26-115 and the ALJ’s May 24, 2006, order. Rea’s appeal named Bevill State as a respondent. The NASTC responded, alleged that it had been incorrectly identified as Bevill State, and asserted that Rea’s appeal was untimely and that the FDA did not apply to Rea. On February 13, 2007, relying almost entirely on the ‘similarly situated’ language of the May 24, 2006, order, the ALJ found that the FDA applied to Rea and stated that ‘the conclusion/holding rendered in the [May 24, 2006, order] applies, in toto, to the case here at bar.’ The NASTC filed in the Montgomery Circuit Court a petition for a writ of certiorari and a motion to stay enforcement of the ALJ’s decision. Rea’s action was not consolidated with that of the other employees.
 

 “The circuit court held a short hearing, and subsequently it issued an order on May 8, 2007. The circuit court’s order denied the petitions for the writ of certiorari and granted the motions to dismiss in Rea’s action and in the employees’ action. The circuit court also stated:
 

 “ ‘[T]he court agrees with all of the conclusions made by the Administrative Law Judge in his May 24, 2006, order in the underlying administrative proceeding in this case and with his February 13, 2007, order in the underlying administrative proceeding in the Rea case.... The court therefore affirms and incorporates the entire order from the underlying administrative proceedings issued by the Administrative Law Judge on May 24, 2006.’
 

 “The Consortia filed a notice of appeal to this court on June 7, 2007, in the employees’ action and in Rea’s action; the circuit court granted a stay of enforcement of the ALJ’s order pending resolution of this appeal. The case was subsequently submitted to this court, which heard oral argument on April 17, 2008.
 

 "1
 
 Rea did not challenge the termination of her employment until December 18, 2006.
 

 “2 The parties agree that the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975, does not govern their dispute.”
 

 South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d 309, 312-14 (Ala. Civ.App.2008).
 
 [1]
 
 In our original consideration of this matter, this court analyzed, among other things, the applicability of the Fair Dismissal Act (“the FDA”), § 36-26-100 et seq., Ala.Code 1975, and the appropriate review available under the FDA, and we concluded that the FDA applied, that the employees were entitled to notice and a hearing pursuant to the FDA, and that the Consortia properly sought review of the decision of the administrative law judge (“ALJ”) in the circuit court pursuant to a petition for a writ of certiorari. This
 
 *20
 
 court reversed the circuit court’s judgment insofar as it affirmed the ALJ’s decision in Annette Rea’s action and the ALJ’s determination that its decision applied to employees similarly situated to the plaintiffs.
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra. This court summarized our holdings as follows:
 

 “Accordingly, we affirm the circuit court’s judgment to the extent it affirmed the ALJ’s ruling that the employees were governed by the FDA and, therefore, were entitled to notice and a hearing before being discharged or transferred. We reverse the circuit court’s judgment to the extent that it affirmed the ALJ’s application of the May 24, 2006, order to individuals who were not parties to the appeals before it. We likewise reverse the circuit court’s judgment to the extent that it affirmed the ALJ’s decision in Rea’s action. We also reverse the circuit court’s judgment to the extent that it held that no review via a petition for the common-law writ of certiorari may be had from an ALJ’s decision under § 36-26-115. Therefore, we remand this action to the circuit court with instructions that it issue a writ of certiorari and require the ALJ to rescind his May 24, 2006, order to the extent that that order applied to individuals who had not been made parties to the appeals before it and require the ALJ to rescind his February 13, 2007, order in Rea’s action and to reconsider her appeal in light of the holdings of this opinion.”
 

 South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d at 334-35.
 

 On remand, the employees filed a motion asking the circuit court to enter a judgment in compliance with this court’s opinion in
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra. In their motion on remand, the employees also moved the circuit court to enter an order requiring the Consortia to pay them backpay and benefits. The Consortia opposed the employee’s motion on remand, arguing that the circuit court lacked jurisdiction to enter an order awarding the employees back-pay and benefits; the Consortia contended that the amount of backpay and benefits to be awarded was a “factual issue” to be determined by the ALJ.
 

 On October 10, 2008, the circuit court entered a judgment ordering the ALJ to modify his May 24, 2006, order to remove the portion of the order stating that the decision applied to all “similarly situated” employees. In addition, the circuit court noted in its judgment on remand that because the Consortia had reinstated Rea, it was no longer necessary to remand her action to the ALJ for further proceedings.
 
 [2]
 
 In addition to the foregoing, the circuit court stated that this court had affirmed the remaining aspects of its judgment affirming the ALJ’s decision. We note that the opinion affirms that part of the circuit court’s judgment affirming the decision of the ALJ holding that the FDA applied and, therefore, that the employees were entitled to notice and a hearing.
 
 See South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d at 334. The circuit court then proceeded to order in its judgment on remand that the employees receive backpay and benefits.
 
 [3]
 

 See Perine
 
 
 *21
 

 v. Kennedy,
 
 868 So.2d 1128 (Ala.Civ.App. 2003) (holding that a teacher whose discharge was upheld was entitled to backpay between the effective date of his discharge and the date the discharge was confirmed pursuant to the FDA); and
 
 Allen v. Bessemer State Tech. Coll.,
 
 703 So.2d 383 (Ala. Civ.App.1997) (an employee discharged without the required hearing under the FDA was entitled to reinstatement and backpay).
 

 On appeal, the Consortia contend that the circuit court lacked jurisdiction to enter that part of its October 10, 2008, judgment in which it ordered the Consortia to pay the employees backpay and benefits. The Consortia contend that the amount of backpay and benefits due is disputed and, therefore, that the ALJ, not the circuit court, has jurisdiction to resolve that dispute. We agree that the circuit court lacked jurisdiction to enter that portion of its October 10, 2008, judgment pertaining to backpay and benefits, but not for the reason asserted by the Consortia.
 

 The circuit court originally exercised jurisdiction in this matter pursuant to the Consortia’s petition for a writ of certiorari from the ALJ’s May 24, 2006, decision.
 
 See South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d at 332 (stating that Art. IV, § 142(b), Ala. Const.1901, grants the circuit courts the authority to review decisions of administrative agencies and to issue all appropriate writs in the exercise of their powers);
 
 see also Ex parte Alabama Textile Prods. Corp.,
 
 242 Ala. 609, 613, 7 So.2d 303, 305 (1942) (“The law ... confers on circuit courts the authority to exercise general superintendence over all inferior jurisdictions.”). A writ of certiorari “can, under appropriate circumstances, be used to review decisions of an administrative agency or board that are judicial or quasi-judicial in nature.”
 
 G.W. v. Dale County Dep’t of Human Res.,
 
 939 So.2d 931, 934-35 (Ala. Civ.App.2006) (citing
 
 State v. Albritton,
 
 251 Ala. 422, 37 So.2d 640 (1948)). However, a circuit court’s review of a decision of an ALJ pursuant to a petition for a writ of certiorari is limited. As this court summarized in
 
 South Alabama Skills Training Consortium v. Ford:
 

 “The circuit court’s standard of review of a petition for a common-law writ of certiorari is well settled. On common-law certiorari review, the circuit court’s ‘scope of review was limited to determining if the [ALJ’s] decision to [reinstate the employees] was supported by legal evidence and if the law had been correctly applied to the facts.’
 
 Evans v. City of Huntsville,
 
 580 So.2d 1323, 1325 (Ala.1991). ‘In addition, the court was responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, had not been violated.’
 
 Id.
 
 ‘Questions of fact or weight or sufficiency of the evidence will not be reviewed on certiorari.’
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 863, 868 (Ala.Civ.App.1985).
 

 “ ‘ “ ‘[A] common-law writ of certio-rari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.’ ” ’
 

 “G.W. v. Dale County Dep’t of Human Res.,
 
 939 So.2d 931, 934 n. 4 (Ala.Civ. App.2006) (quoting
 
 City of Birmingham v. Southern Bell Tel. & Tel. Co.,
 
 203 Ala.
 
 *22
 
 251, 252, 82 So. 519, 520 (1919), quoting in turn
 
 Postal Telegraph-Cable Co. v. Minderhout,
 
 195 Ala. 420, 71 So. 91 (1916)).”
 

 997 So.2d at 824. “ ‘The supervisory jurisdiction of the court on certiorari is restricted to an examination into the external validity of the proceeding had in the lower tribunal.’”
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 868, 868 (Ala. Civ.App.1985) (quoting
 
 Alabama Elec. Coop. v. Alabama Power Co.,
 
 278 Ala. 123, 126, 176 So.2d 483, 485 (1965)).
 

 In its original, May 8, 2007, judgment, the circuit court appropriately exercised its jurisdiction on certiorari review by affirming the order of the ALJ. This court later reversed portions of the circuit court’s ruling on certiorari review, but, in doing so, we concluded that review in the circuit court pursuant to the petition for the writ of certiorari was appropriate.
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra.
 

 A trial court must comply with an appellate court’s mandate on remand.
 
 Ex parte Queen,
 
 959 So.2d 620 (Ala.2006). In its October 10, 2008, judgment
 
 on
 
 remand, the circuit court complied with this court’s instructions set forth in
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra, to the extent that it directed the ALJ to remove that portion of his May 24, 2006, decision granting relief to nonparty employees who were “similarly situated” to the employees in this action. Given the parties’ resolution of Rea’s claim that she was subject to the FDA, the circuit court did not remand that action to the ALJ to reconsider Rea’s appeal. It is clear that, in compliance with this court’s instructions and in keeping with the nature of its review pursuant to the Consortia’s petition for a writ of certiorari, the circuit court had jurisdiction to enter those portions of its October 10, 2008, judgment on remand.
 

 However, in its October 10, 2008, judgment on remand, the circuit court granted the employees additional relief. Specifically, the circuit court ordered that the employees were entitled to an award of backpay and benefits. We agree with the Consortia that the circuit court lacked jurisdiction to enter that part of its October 10, 2008, judgment, but not for the reason advocated by the Consortia.
 

 As already discussed, certain portions of the circuit court’s judgment complied with our appellate mandate. However, nothing in this court’s opinion in
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra, required the circuit court to enter a ruling pertaining to backpay and benefits.
 
 [4]
 
 Further, as explained earlier, the circuit court’s consideration of this matter was pursuant to certiorari review. The circuit court could not go beyond that method of review to afford the Consortia relief it had not originally requested in its petition for writ of certiorari.
 
 [5]
 
 Although they argue
 
 *23
 
 the issue now, in their petition for certiora-ri from the ALJ’s May 24, 2006, order, the Consortia did not raise, as an alternative basis for relief, an argument that the employees’ rights to backpay and benefits could be offset by any income earned by the employees during the time the review process was pending in the courts. Thus, the Consortia failed to challenge or seek review of that portion of the ALJ’s May 24, 2006, order that pertained to the award of backpay and benefits, and, accordingly, the circuit court did not have that issue before it on remand. As a result, that the portion of the ALJ’s May 24, 2006, order pertaining to backpay and benefits remains in effect.
 

 The absence of jurisdiction renders that portion of the circuit court’s judgment awarding backpay and benefits void, and, because this appeal pertained solely to that portion of the judgment that is void, the appeal must be dismissed.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In this opinion, we refer to the parties by the same designations we used in
 
 South Ala-hama Skills Training Consortium v. Ford,
 
 supra.
 

 [2]
 

 . Rea had been employed by, and apparently was reinstated by, the NASTC.
 

 [3]
 

 . We note that, although they were discharged from their original positions with the members of the Consortia, McGowin, Mullins, Stinson, and Watkins were subsequently employed in other jobs for the Consortia at reduced rates of pay; each of those employees seeks to recover only the difference between the reduced rate of pay and the amounts he or she would have received in his or her original employment position.
 

 [4]
 

 . In fact, nothing pertaining to the ALJ's award of backpay and benefits had been raised before this court in that appeal.
 

 [5]
 

 . In their briefs submitted to this court, the Consortia contend that they are entitled to a setoff under the FDA against the award of backpay and benefits of any amounts an employee earned until he or she was reinstated pursuant to the opinion in
 
 South Alabama Skills Training Consortium v. Ford,
 
 supra. The Consortia acknowledge that our appellate courts have interpreted the FDA as allowing an award of the full amount of backpay and benefits. However, the Consortia contend that the issue should be reexamined. As this court has earlier stated: “The question raised by briefs are interesting, and may, when properly presented, be decided by this Court on appeal. At this time the question is not properly presented and not for decision in disposing of this appeal.”
 
 Tarver v. Household Fin. Corp.,
 
 45 Ala.App. 344, 345, 230 So.2d 534, 535 (Civ. 1970).